■ GERARD McGOVERN, Respondent-Appellant, v FORDHAM HILL OWNERS CORPORATION et al., Appellants-Respondents and Third-Party Plaintiffs-Appellants-Respondents, and VERONICA BRADY et al., Respondents. HUSSEY WOOD FLOORS, INC., Third-Party Defendant-Respondent.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered on October 22, 1990, which, *inter alia* denied defendants-appellants-respondents' motion for summary judgment, unanimously reversed, on the law, the motion granted, and the complaint dismissed as against defendants-appellants-respondents, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants-respondents severing and dismissing the complaint as to them.

In this personal injury action, plaintiff asserts that defendants-appellants are liable to him under sections 200 and 241 (6) of the Labor Law. Plaintiff was injured while employed by third-party defendant Hussey Wood Floors, Inc., when a lacquer finish ignited while plaintiff was applying it to a floor in an apartment in the cooperative apartment building owned by defendant-appellant Fordham Hill Owners Corporation, and managed by defendant-appellant Brown, Harris & Stevens, Inc.

The Motion Court held that issues of fact were presented with respect to the knowledge and connection of appellants to the negotiation for and performance of the floor refinishing work.

On the record before this Court the plaintiff has failed to present any evidence demonstrating either that a violation of the Labor Law was a contributing cause of the explosion *(see, Herman v Lancaster Homes,* 145 AD2d 926, *lv denied* 74 NY2d 601; *Amedure v Standard Furniture Co.,* 125 AD2d 170), or that any negligence on the part of appellants caused plaintiff's injuries. Therefore, no factual issue is presented with respect to any liability of appellants, and appellants are entitled to summary judgment. Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.