■ Cora L. Levi, Appellant, v John W. Smith et al., Respondents. [662 NYS2d 540] —In an action to recover the down payment on a contract for the sale of real property, the plaintiff appeals from an amended order of Supreme Court, Suffolk County (Floyd, J.), entered June 20, 1996, which after a non-jury trial, awarded the defendants $10,000 of the plaintiff's down payment as damages.

Ordered that the amended order is modified by deleting subdivisions 2, 3, and 4 of the decretal paragraph thereof and substituting therefor a new subdivision 2 directing that the sum of $18,900, plus any interest accrued thereon be paid to the plaintiff, and by deleting from subdivision 1 of the decretal paragraph thereof the words "and Defendant equally"; as so modified the order is affirmed, with costs to the appellant.

It is well settled that the determination of a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusion could not have been reached under any fair interpretation of the evidence (*see, KBF Pollution Mgt. v Interstate Litho Corp.,* 213 AD2d 452, 453). The trial court's determination that the contract of sale for the subject property was not subject to an engineer's report and that the sellers are entitled to damages is not supported by a fair interpretation of the evidence. There was no meeting of the minds here as to whether the sale was subject to an engineer's report, and therefore, there was no binding contract for sale. Accordingly, the plaintiff is entitled to have her entire down payment refunded. Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.