■ GLORIA WILLIS, Respondent, v CITY OF NEW YORK et al., Respondents, and INTERFAITH MEDICAL CENTER, Appellant. [697 NYS2d 311] —In an action to recover damages for personal injuries, the defendant Interfaith Medical Center appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated August 21, 1998, as granted the plaintiff's motion for leave to reargue its prior cross motion for summary judgment dismissing the complaint and on its cross claim for contractual indemnification from the defendant Healthline Home Care Agency, and, upon reargument, denied the cross motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Interfaith Medical Center (hereinafter Interfaith) contracted with Healthline Home Care Agency (hereinafter Healthline) to obtain home health aide workers. The plaintiff contends that one such worker acted negligently, thereby causing her injuries. Interfaith argues that Healthline was an independent contractor and therefore it is not liable for the negligent acts of Healthline's employees, and that, pursuant to a provision of the contract, Healthline must indemnify it for any damages caused by the aide's negligence.

The determination of whether Healthline was an employee

or an independent contractor is determined by the extent of control Interfaith exercised over the work done (*see, Berger v Dykstra,* 203 AD2d 754). We agree with the Supreme Court that an issue of fact exists as to the extent of Interfaith's control over the aide provided by Healthline. There is no provision in the contract stating that Healthline was an independent contractor, and the contract provides, *inter alia,* that Interfaith would determine the "scope and duration of the aide's activities on each assignment and professionally supervise the performance of these personnel" and would "provide orientation" and "on the job instruction" regarding patients.

Further, the contract provided that Healthline would indemnify Interfaith for any damages arising from the acts of Healthline's employees, but not from Interfaith's own negligence. Under the facts of this case, the negligence attributable to each party is an issue for the jury to determine. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.