GUI'S LUMBER & HOME CENTER, INC., Respondent, v MADER CONSTRUCTION CO., INC., et al., Appellants. [787 NYS2d 555]—

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 20, 2004. The judgment was entered upon an order denying defendants' motion for summary judgment dismissing the amended complaint and sua sponte granting summary judgment in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking to foreclose on a mechanic's lien in the approximate amount of $52,000, asserting that it is entitled to that amount based on materials it provided to defendant Mader Construction Co., Inc. (Mader). Supreme Court erred in sua sponte granting plaintiff

summary judgment and instead should have granted defendants' motion for summary judgment dismissing the amended complaint. We note at the outset that, although the judgment states that relief to plaintiff is granted "on motion of [plaintiff's attorney]," the underlying decision and order specifies that, "[a]lthough plaintiff has not filed a cross-motion *[sic]* for relief, in accordance with CPLR 3212 (b) such a judgment may be granted by the court without the necessity of such a motion being filed by the non-moving party." It is well settled that, where there is a conflict between the judgment and the underlying decision, the decision controls (*see Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]), and thus we conclude that the court sua sponte granted summary judgment to plaintiff.

We agree with defendants that the court erred in its determination that there was no "meeting of the minds" and thus that there was no enforceable contract between Mader and plaintiff. "[W]hile the existence of a contract is a question of fact, the question of whether a certain or undisputed state of facts establishes a contract is one of law for the courts" (*Cortland Asbestos Prods. v J. & K. Plumbing & Heating Co.*, 33 AD2d 11, 12 [1969]). Here, it is undisputed that plaintiff supplied the "material estimate" (estimate) to Mader for Mader's use in formulating an amended bid on a construction project. Mader thereafter was awarded the contract on the construction project and sent plaintiff a detailed purchase order in accordance with the estimate. The purchase order, which was subscribed by a principal of Mader, was altered at the request of plaintiff. The amended purchase order was then subscribed by principals of both plaintiff and Mader, and it set forth the price and quantity of the materials that Mader was ordering from plaintiff. "In order to create a binding contract there must be a meeting of the minds as to the essential terms of the agreement" (*May v Wilcox*, 182 AD2d 939, 939 [1992]; *see generally Levi v Smith*, 242 AD2d 564 [1997]; *Trade & Indus. Corp. [USA] v Euro Brokers Inv. Corp.*, 222 AD2d 364, 369 [1995]). The purchase order herein constitutes the contract between plaintiff and Mader, and thus plaintiff is not entitled to foreclose on its mechanic's lien seeking payment in an amount greater than that agreed to in the contract between plaintiff and Mader (*see Rochester Plumbing Supply Co. v A. Burgart, Inc.*, 49 AD2d 78, 82 [1975]). Contrary to the contention of plaintiff, a document sent several weeks later at variance with that purchase order was an attempt by plaintiff to change the terms of the contract, and Mader did not agree to change those terms. That subsequent document therefore is without binding effect (*see May*, 182 AD2d at 940). Present—Green, J.P., Gorski, Martoche, Lawton and Hayes, JJ.