■ DiPIZIO CONSTRUCTION CO., INC., Appellant, v STATE OF NEW YORK, Respondent. [788 NYS2d 893]—Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered March 5, 2004. The order granted defendant's motion seeking summary judgment dismissing the claim in an action for breach of contract.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at the Court of Claims. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.

■ JAMIE G. SMITH, Appellant, v EDWARD R. DIETER, Individually and Doing Business as BARNS, ETC., Respondent, et al., Defendant. [789 NYS2d 778]—

Appeal from an order of the Supreme Court, Livingston County (Ronald A. Cicoria, A.J.), entered March 26, 2004. The order, insofar as appealed from, denied that part of plaintiff's motion for partial summary judgment against defendant Edward R. Dieter, individually and doing business as Barns, Etc., on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted in part in accordance with the following memorandum: Plaintiff commenced this action to recover damages for injuries sustained when the ladder that he was using to install louver vents in walls of a barn slid, causing him to fall to the ground. Supreme Court erred in denying that part of plaintiff's motion that sought partial summary judgment against Edward R. Dieter, individually and doing business as Barns, Etc. (defendant). Plaintiff established his entitlement to judgment on Labor Law § 240 (1) liability as a matter of law, and defendant failed to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Alligood v Hospitality W., LLC*, 8 AD3d 1102 [2004]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.