ADAM CROMAN, Appellant, v COUNTY OF ONEIDA, Defendant, and TOWN OF WESTMORELAND et al., Respondents. (Appeal No. 1.) [821 NYS2d 343]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered January 21, 2005 in a personal injury action. The order, among other things, granted the motion of defendant Town of Westmoreland and the cross motion of defendant Jeffrey J. Schaller for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from actions seeking damages for injuries sustained by plaintiff Adam Croman and the wrongful death and conscious pain and suffering of Bradley P. Golden (Golden) as the result of a fire on property owned by defendant Jeffrey J. Schaller. The fire was set in a vacant house on Schaller's property as part of a training exercise for volunteer firefighters, including Croman and Golden. Supreme Court properly granted the motions of defendant Town of Westmoreland and the cross motion and motion of Schaller seeking summary judgment dismissing the complaints and cross claims against them and those parts of the motions of the "fire department defendants" (i.e., all of the remaining defendants with the exception of the County of Oneida and Alan Baird, III, individually and as First Assistant Chief of the Lairdsville Fire Department, Inc.) seeking summary judgment dismissing the complaints against them. We reject plaintiffs' contention that the motions and cross motion were prematurely granted because discovery was not complete. Plaintiffs "failed to show that 'facts essential to justify opposition may exist but [could not] then be stated' (CPLR 3212 [f]) and that [plaintiffs] require[d] the discovery of facts that are within the exclusive knowledge of another party" (*Wittkopp v ADF Constr. Corp.*, 254 AD2d 775, 776 [1998]). Contrary to plaintiffs' further contentions, Schaller met his burden of establishing that he owed no duty of care to Croman and Golden under the circumstances (*see generally Morris v Freudenheim*, 273 AD2d 885 [2000]) and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.