RUTH PITTMAN, Respondent, v S. P. LENOX REALTY, LLC, et al., Appellants, et al., Defendants. [855 NYS2d 182]—

The plaintiff's decedent died from severe burns after a halogen lamp ignited liquid that he was using to refinish the floors in an apartment building owned by the defendant S. P. Lenox Realty, LLC (hereinafter Lenox), and managed by the defendant Rubbro Realty Corp. (hereinafter Rubbro), formerly known as R. S. Management, Ltd. (hereinafter RS). The defendant Larry Richards worked as the building superintendent. Lenox, Rubbro, RS, and Richards (hereinafter collectively the defendants), moved for summary judgment on the grounds that they were not liable for the decedent's injuries and wrongful death because he was an independent contractor, and that they had no notice of any dangerous condition or defect which caused his injuries.

While the defendants met their burden of establishing, prima facie, their entitlement to summary judgment (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Chiarini v County of Ulster*, 9 AD3d 769 [2004]), the plaintiff's opposition papers, particularly the affidavit of Dora Edwards, raised a triable issue of fact as to whether the defendants created the condition complained of by providing a dangerous, defective, or unsteady halogen lamp that ignited the fire (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the defendants' contentions, the content of the Edwards affidavit is admissible under the declaration against interest exception to the hearsay rule (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]) and, upon admission, the plaintiff's evidence overall is subject to the lesser standard of proof afforded under the doctrine enunciated in *Noseworthy v City of New York* (298 NY 76, 80 [1948]). Furthermore, as to the independent contractor defense, the facts alleged in the Edwards' affidavit raise a triable issue of fact as to whether the defendants exercised any control over the means and methods of the work performed (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]; *Willis v City of New York*, 266 AD2d 208, 208-209 [1999]; *Melbourne v New York Life Ins. Co.*, 271 AD2d 296, 297 [2000]).

The defendants' contention that the Edwards' affidavit should not be considered because Edwards was not disclosed as a wit-

ness prior to the filing of the note of issue is raised for the first time on appeal and is thus not properly before this Court (*see Lawler v City of Yonkers,* 45 AD3d 813 [2007]).

The defendants' remaining contentions either have been rendered academic by this determination or are without merit. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.