■ WARD A. CUMMINGS, Respondent, v ROBERT VARGO, Appellant. [881 NYS2d 747]—

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered October 9, 2008 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from the metal roof of defendant's commercial apartment building while applying fiber aluminum coating to the roof surface using a paint roller.

Supreme Court properly granted plaintiff's motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. Plaintiff is entitled to the protection of Labor Law § 240 (1) because he was a " 'falling worker' " engaged in a covered activity (*see Partridge v Waterloo Cent. School Dist.*, 12 AD3d 1054, 1055 [2004]). Contrary to defendant's contention, the application of the "silver coat" to the roof is the functional equivalent of painting (*see Artoglou v*

*Gene Scappy Realty Corp.*, 57 AD3d 460, 461 [2008]). Painting is a protected activity that "need not [be] incidental to the other listed activities, such as construction, repair or alteration, to be covered" by Labor Law § 240 (1) (*De Oliveira v Little John's Moving*, 289 AD2d 108, 108 [2001]). We thus reject defendant's contention that plaintiff was engaged in routine maintenance rather than an expressly covered activity, i.e., painting.

We conclude that plaintiff established his entitlement to judgment as a matter of law on liability with respect to the Labor Law § 240 (1) cause of action. "[A]n 'owner or contractor who has failed to provide any safety devices for workers' " at a work site is absolutely liable for injuries sustained by a worker when the absence of such safety devices is a proximate cause of the worker's injuries (*Felker v Corning Inc.*, 90 NY2d 219, 225 [1997], quoting *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 518-519 [1985], *rearg denied* 65 NY2d 1054 [1985]). Here, it is undisputed that plaintiff was not provided with ropes, harnesses or other safety devices, and defendant failed to raise a triable issue of fact whether plaintiff's conduct was the sole proximate cause of the accident (*see Smith v Dieter*, 15 AD3d 897 [2005]).

We reject defendant's contention that the court prematurely granted the motion because discovery was not yet completed. Defendant "failed to show that facts essential to justify opposition may exist but [could not] then be stated . . . and that [defendant] require[d] the discovery of facts that are within the exclusive knowledge of another party" (*Croman v County of Oneida*, 32 AD3d 1186, 1187 [2006] [internal quotation marks omitted]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.