MILDRED MELE, Appellant, v USTA CONSTRUCTION et al., Defendants, and MUSLUM AVEI, Respondent. [919 NYS2d 85]—

"The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]). Here, under the circumstances presented, the defendant Muslum Avei failed to establish, prima facie, that the defendant USTA Construction was his independent contractor, and that the so-called "independent contractor rule" therefore applied (*see Willis v City of New York*, 266 AD2d 208 [1999]; *cf. Pittman v S. P. Lenox Realty, LLC*, 49 AD3d 621 [2008]). Since Avei did not tender "sufficient evidence to dem-

onstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), he failed to meet his prima facie burden and, thus, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied that branch of Avei's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.