RUTH PITTMAN, Individually and as Administratrix of the Estate of MONTE PITTMAN, Deceased, Appellant, v S.P. LENOX REALTY, LLC, et al., Respondents, et al., Defendant. [937 NYS2d 101]—

As noted in our prior decision and order in this action (*see Pittman v S. P. Lenox Realty, LLC*, 49 AD3d 621 [2008]), the plaintiff's decedent (hereinafter the decedent) died after being severely burned when a halogen lamp ignited liquid that he was using to refinish the floors in an apartment in a building owned by the defendant S.P. Lenox Realty, LLC, and managed by the defendant Rubbro Realty Corp., formerly known as R.S. Management, Ltd., where the individual defendant, Larry Richards, worked as a superintendent at the building. These defendants (hereinafter collectively the defendants) moved for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against

them. In the order appealed from, the Supreme Court granted the motion.

Labor Law § 241 (6) "imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas *in which construction, excavation or demolition work is being performed*" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998], quoting Labor Law § 241 [6] [emphasis added]). The scope of Labor Law § 241 (6) is governed by section 23-1.4 (b) (13) of the Industrial Code (12 NYCRR) (*see Joblon v Solow*, 91 NY2d 457, 466 [1998]; *Martinez v City of New York*, 73 AD3d 993, 997 [2010]), which defines "construction work" to include all work "performed in the construction, erection, alteration, repair, maintenance, *painting* or moving of buildings or other structures" (12 NYCRR 23-1.4 [b] [13] [emphasis added]).

The defendants failed to establish, prima facie, that the plaintiff was not engaged in a specifically enumerated activity under 12 NYCRR 23-1.4 (b) (13). We have previously determined that the application of a protective coating to the roof of a building is the "functional equivalent" of painting, which is a specifically enumerated activity under 12 NYCRR 23-1.4 (b) (13) (*see Cummings v Vargo*, 63 AD3d 1718 [2009]; *Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 461 [2008]; *McGovern v Fordham Hill Owners Corp.*, 173 AD2d 162 [1991]; *cf. Osorio v Kenart Realty, Inc.*, 35 AD3d 561 [2006]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454 [2005]; *Aarons v 401 Hotel, L.P.*, 12 AD3d 293 [2004]). Under the circumstances of this case, the application of polyurethane to a wooden floor likewise was the functional equivalent of "painting." Since the defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, their motion should have been denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Angiolillo, J.P., Balkin, Dickerson and Hall, JJ., concur.