# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

699

CA 13-00038

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

AGGRESSIVE CO., INC., DOING BUSINESS AS
DIVERSIFIED CONTRACTING, CO.,
PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

STATE FARM INSURANCE, DEFENDANT-RESPONDENT.

---

PIRRELLO, MISSAL, PERSONTE & FEDER, ROCHESTER (STEVEN E. FEDER OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County
(Marianne Furfure, A.J.), entered March 16, 2012. The order granted
the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that
additional work orders signed by defendant's representative for
construction and remediation work performed by plaintiff at the home
of defendant's insured (homeowner) constituted a contract between
plaintiff and defendant for payment for that work. We conclude that
Supreme Court properly granted defendant's motion for summary judgment
dismissing the complaint based upon its determination that the
undisputed facts establish, as a matter of law, that there was no
contract between the parties obligating defendant to pay plaintiff
directly for the work at issue.

It is undisputed that plaintiff entered into a contract with the
homeowner to perform remediation services at the homeowner's residence
following an oil spill. It is also undisputed that defendant advised
the homeowner that any additional work must be approved by defendant
in order to ensure coverage under the homeowner's policy for that
work. Defendant's representative signed three additional work orders
and testified at her deposition that her signature represented pre-
authorization that insurance coverage would be provided for the
proposed additional work. Although defendant sent one check directly
to plaintiff, it did so with the homeowner's consent, and otherwise
refused the requests of plaintiff's representative that payment be
sent to it directly. The homeowner thereafter refused to pay

plaintiff for the work performed pursuant to the additional work orders.

It is well established that, " '[w]hile the existence of a contract is a question of fact, the question of whether a certain or undisputed state of facts establishes a contract is one of law for the courts' " (*Gui's Lbr. & Home Ctr., Inc. v Mader Constr. Co., Inc.*, 13 AD3d 1096, 1097, *lv dismissed* 5 NY3d 842; *see Calkins Corporate Park, LLC v Eye Physicians & Surgeons of W. N.Y., P.L.L.C.*, 56 AD3d 1122, 1123).  We conclude that, based upon the undisputed facts, defendant established its entitlement to judgment as a matter of law and that plaintiff failed to raise an issue of fact whether a contract existed between the parties (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Although plaintiff's representative and defendant's representative signed the additional work orders and defendant sent one check directly to plaintiff, we reject plaintiff's contention that " 'the course of conduct and communications between the parties . . . created a legally enforceable agreement' " (*Zheng v City of New York*, 19 NY3d 556, 578; *cf. Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 401-402).  Instead, we conclude that the course of conduct and communications was consistent with defendant's role as the homeowner's insurer.

Entered:  June 28, 2013                          Frances E. Cafarell
                                                  Clerk of the Court