Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered March 16, 2012. The order granted the motion of defendant for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that additional work orders signed by defendant’s representative for construction and remediation work performed by plaintiff at the home of defendant’s insured (homeowner) constituted a contract between plaintiff and defendant for payment for that work. We conclude that Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint based upon its determination that the undisputed facts establish, as a matter of law, that there was no contract between the parties obligating defendant to pay plaintiff directly for the work at issue.
It is undisputed that plaintiff entered into a contract with the homeowner to perform remediation services at the homeowner’s residence following an oil spill. It is also undisputed that defendant advised the homeowner that any additional work must be approved by defendant in order to ensure coverage under the homeowner’s policy for that work. Defendant’s representative signed three additional work orders and testified at her deposition that her signature represented pre-authorization that insurance coverage would be provided for the proposed additional work. Although defendant sent one check directly to plaintiff, it did so with the homeowner’s consent, and otherwise refused the requests of plaintiffs representative that payment be sent to it *1634 directly. The homeowner thereafter refused to pay plaintiff for the work performed pursuant to the additional work orders.
It is well established that “ ‘[w]hile the existence of a contract is a question of fact, the question of whether a certain or undisputed state of facts establishes a contract is one of law for the courts’ ” (Gui’s Lbr. & Home Ctr., Inc. v Mader Constr. Co., Inc., 13 AD3d 1096, 1097 [2004], lv dismissed 5 NY3d 842 [2005]; see Calkins Corporate Park, LLC v Eye Physicians & Surgeons of W.N.Y., P.L.L.C., 56 AD3d 1122, 1123 [2008]). We conclude that, based upon the undisputed facts, defendant established its entitlement to judgment as a matter of law and that plaintiff failed to raise an issue of fact whether a contract existed between the parties (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although plaintiffs representative and defendant’s representative signed the additional work orders and defendant sent one check directly to plaintiff, we reject plaintiffs contention that “ ‘the course of conduct and communications between the parties . . . created a legally enforceable agreement’ ” (Zheng v City of New York, 19 NY3d 556, 578 [2012]; cf. Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 401-402 [1977]). Instead, we conclude that the course of conduct and communications was consistent with defendant’s role as the homeowner’s insurer. Present — Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.