# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**639**

**CA 13-01522**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

RESETARITS CONSTRUCTION CORPORATION,
PLAINTIFF-RESPONDENT,

V                                                       MEMORANDUM AND ORDER

ELIZABETH PIERCE OLMSTED, M.D. CENTER FOR THE
VISUALLY IMPAIRED, DEFENDANT-APPELLANT,
AND EPO-STOVROFF HOUSING DEVELOPMENT FUND CORP.,
DEFENDANT.
----------------------------------------------------
ELIZABETH PIERCE OLMSTED, M.D. CENTER FOR THE
VISUALLY IMPAIRED AND EPO-STOVROFF HOUSING
DEVELOPMENT FUND CORP., THIRD-PARTY PLAINTIFFS,

V

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
THIRD-PARTY DEFENDANT.
(APPEAL NO. 2.)

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (BEVERLY S. BRAUN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ANDREW O. MILLER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an amended interim judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 16, 2013. The amended interim judgment awarded plaintiff the sum of $108,309.61 against defendant Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired.

It is hereby ORDERED that the amended interim judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of contract based on the alleged failure of defendant Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired (Olmsted) to pay for work performed by plaintiff pursuant to a construction contract. Plaintiff moved for, inter alia, summary judgment on its breach of contract cause of action, and defendants cross-moved for an order compelling additional discovery pursuant to CPLR 3212 (f) and CPLR 3124. Supreme Court granted that part of plaintiff's motion seeking summary judgment on the breach of contract

cause of action and denied "as moot" all other requests for relief, and this appeal by Olmsted ensued.  We affirm.

"It is well settled that the elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (*Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 111 AD3d 1374, 1376, *lv denied* 22 NY3d 864). " '[W]hile the existence of a contract is a question of fact, the question of whether a certain or undisputed state of facts establishes a contract is one of law for the courts' " (*Gui's Lbr. & Home Ctr., Inc. v Mader Constr. Co., Inc.*, 13 AD3d 1096, 1097, *lv dismissed* 5 NY3d 842; *see Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 400).  "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound (22 NY Jur 2d, Contracts § 9).  That meeting of the minds must include agreement on all essential terms (*id.* § 31)" (*Kowalchuk v Stroup*, 61 AD3d 118, 121; *see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589, *rearg denied* 93 NY2d 1042).  Here, we conclude that the court properly granted that part of plaintiff's motion for summary judgment on the breach of contract cause of action inasmuch as plaintiff met its initial burden on the motion (*see generally Minelli Constr. Co., Inc. v Volmar Constr., Inc.*, 82 AD3d 720, 721; *Hesse Constr., LLC v Fisher*, 61 AD3d 1143, 1144; *Gui's Lbr. & Home Ctr., Inc.*, 13 AD3d at 1097), and defendants failed to raise an issue of fact in opposition thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We further conclude that the court properly rejected defendants' contention that plaintiff's motion was premature because further discovery was necessary and thus properly denied the cross motion seeking that further discovery.  In opposing a summary judgment motion as premature pursuant to CPLR 3212 (f), " 'the opposing party must make an evidentiary showing supporting [the conclusion that facts essential to justify opposition may exist but cannot then be stated, and] mere speculation or conjecture [is] insufficient' " (*Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169; *see Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1134-1135).  The opposing party must show that the discovery sought would produce evidence sufficient to defeat the motion (*see Dunn v 726 Main & Pine*, 255 AD2d 981, 982), and that " 'facts essential to oppose the motion were in [the movant's] exclusive knowledge and possession and could be obtained by discovery' " (*Wright v Shapiro*, 16 AD3d 1042, 1043; *see Croman v County of Oneida*, 32 AD3d 1186, 1187).  Defendants failed to make the requisite showing here (*see generally Welch Foods, Inc. v Wilson*, 277 AD2d 882, 883).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                  Clerk of the Court