## SECOND DEPARTMENT AUGUST, 1968

### (August 19, 1968)*

■ RAYMOND STEVENS, an Infant, et al., Respondents, v. JOSEPH LANKARD, Defendant; FENTHAL ARTIST MATERIALS CO., INC., Appellant, and JOHN WANAMAKER PHILADELPHIA, INC., Respondent-Appellant.— In this negligence action defendants Fenthal Artist Materials Co., Inc. (hereinafter called Fenthal) and John Wanamaker Philadelphia, Inc. (hereinafter called Wanamaker) appeal from a judgment of the Supreme Court, Westchester County, entered August 30, 1967, (1) in favor of plaintiffs against them, upon a jury verdict of $5,000 for the infant plaintiff, Raymond Stevens, for personal injuries and $3,000 for the infant's mother, the adult plaintiff Laura Stevens, for loss of services; and (2) in favor of Wanamaker against Fenthal, upon the trial court's decision on Wanamaker's cross complaint. Wanamaker's appeal is from so much of the judgment as is against it and Fenthal's appeal is from the entire judgment. Judgment reversed, on the law and the facts, without costs, and complaint and Wanamaker's cross complaint dismissed. The principal issue on this appeal is whether either or both of the appellants were negligent in the rehiring of defendant Lankard as an employee. On October 19, 1961 Raymond Stevens, then about 13 years of age, went with his mother to Wanamaker's Westchester store to purchase a football uniform. While they were discussing the purchase of a uniform with a Wanamaker salesman, Lankard wandered over from another counter and entered into conversation with them. The salesman suggested that the boy go into a nearby stockroom to try on the football trousers, which he proceeded to do. Lankard followed him into the stockroom and told Raymond he had come to help him with the lacing of the pants. Notwithstanding the boy's refusal of his offer of help, Lankard kneeled down in front of the boy and committed an act of sodomy. Lankard was subsequently arrested and convicted on his plea of guilty to sodomy in the second degree. Upon his conviction it was discovered that he had been previously convicted of sodomy in 1957 at Pittsburgh, Pennsylvania. At the time of the incident in question Lankard was an employee of Fenthal, which sold artists' materials and supplies as a concessionaire in the Wanamaker stores. He was originally hired in November, 1960, to work for Fenthal in the Philadelphia store. In July, 1961, he left for vacation but failed to return when scheduled. Two weeks later he contacted a Miss Levy in charge of Fenthal's lease operations and asked for his old job back. He told her he had not returned at the end of his vacation because he had bought some liquor for minors and had gotten into trouble. He was re-employed to work for Fenthal

---

* Not published with other decisions of August, 1968, 30 A D 2d 919.— [Rep.

in Westchester and was referred to the Wanamaker personnel department there. Miss Levy had informed her superior at Fenthal of Lankard's explanation for his absence, but no further inquiry was made into the nature of his trouble and Westchester personnel was not advised. They were advised of his prior employment and that he was considered reliable. Wanamaker made a practice of checking the backgrounds of its employees, but there was no indication that any particular check was ever made on Lankard. There was testimony by a member of the Westchester County Sheriff's office to the effect that the New York State Department of Criminal Investigation does not divulge its criminal records to the public. Plaintiffs rely on *Vanderhule* v. *Berinstein* (285 App. Div. 290) to support the verdict of the jury. In *Vanderhule* a patron was assaulted by an employee of a bowling alley. There was evidence which permitted a finding that the employee was suffering from various delusions, and that the manager of the bowling alley should have realized the employee was mentally unstable. The jury returned a verdict in favor of the plaintiff, but the trial court set the verdict aside and dismissed the complaint. The Appellate Division (3d Dept.) reversed the trial court, stating that "there was sufficient evidence to make the question of the defendants' negligence a question of fact for the jury" (pp. 294–295), and ordered a new trial. The appellate court agreed, however, to the extent that the verdict should have been set aside as being against the weight of the evidence; and felt that a resubmission of the case upon the same proof would probably warrant the same result, i.e., setting aside any verdict in favor of the plaintiffs. In the case at bar we are of the opinion that there was no evidence which warranted the inference that appellants knew, or should have known, of the employee Lankard's proclivities. A routine check into the man's background would never have revealed his prior sodomy conviction in Pittsburgh. To require any more exhaustive search into an employee's background would place an unfair burden on the business community. Certainly his confession to buying some liquor for minors bore no homosexual implications that should have alerted the employer. Under the circumstances of this case we believe the two corporate defendants cannot be held to have been negligent. To order a new trial would be futile, as it is readily apparent from the record that no more substantial proof could be offered to show that appellants knew, or should have been cognizant of, the character of this employee. Christ, Rabin, Munder and Martuscello, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, upon the authority of *Vanderhule* v. *Berinstein* (285 App. Div. 290).