■ EDDIE MERCER, Respondent, v STATE OF NEW YORK, Appellant.—In a claim to recover damages as the result of an alleged sexual assault by a physician employed by the New York State Department of Correctional Services, the defendant State of New York appeals from an order of the Court of Claims (Lengyel, J.), dated October 29, 1985, which denied its motion to dismiss the claim.

Ordered that the order is affirmed, with costs.

The claimant, an inmate at Mid-Orange Correctional Facility in Warwick, New York, alleges that a physician employed by the State at said facility sexually abused him while pretending to be giving him a medical examination to diagnose the cause of stomach pains. Subsequent to the alleged assault upon the claimant, the State dismissed the physician in question from his employment, stating as a reason the physician's having engaged in improper homosexual activities with three inmates, including the claimant.

Stating that he had suffered psychological injuries, the claimant charged the State with negligence in the hiring of the physician and in failing to supervise him properly, including not responding to complaints about him made to prison authorities by other inmates. The State sought dismissal of the claim on the ground that there were no triable issues of fact bearing on whether the State was negligent in hiring the physician and in failing to supervise him properly. The State also sought dismissal of the claim on the ground that it could not be held liable under the theory of respondeat superior for intentional misconduct of the physician not within the scope of his employment. The Court of Claims denied the State's motion in its entirety.

The State contends that there is no evidence to show that it deviated from its customary hiring procedures in employing its dismissed physician. Assuming arguendo, that this is the case, a triable issue has been raised as to the adequacy of its customary procedures. The extent of an employer's duty to investigate those who apply to it for employment is subject to considerations of public policy (see, Stevens v Lankard, 31 AD2d 602, affd 25 NY2d 640). There is a public policy to protect a patient from the deliberate and malicious abuse of power and trust by a physician when the patient entrusts to the physician his or her body in the hope the physician will use his or her best efforts to effect a cure (cf. Roy v Hartogs, 81 Misc 2d 350, 353-354). Under the circumstances of this case, we are unable to agree with the State that were its customary procedures followed, it would be free from negligence as a matter of law (see, Vanderhule v Berinstein, 285 App Div 290, 295, decision amended 284 App Div 1089).

Regarding the claimant's allegation that the State was negligent in failing to properly supervise its dismissed physician, a triable issue has been raised as to whether the State failed to respond to complaints to authorities at Mid-Orange Correctional Facility about this particular physician.

We note that the claimant does not seek to hold the State vicariously liable for an intentional tort alleged to have been committed by the dismissed physician outside the scope of his employment. Accordingly, the claim is not barred by the principle laid down in Cornell v State of New York (46 NY2d 1032). Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.