■ Renee Corbally, Also Known as Renee Lucidi, et al., Respondents, v Sikras Realty Co., Appellant.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about March 16, 1989, which denied defendant's motion for summary judgment, unanimously affirmed, with costs.

In this personal injury action arising out of the allegedly negligent hiring and retention of an employee, the record reveals factual questions concerning the employee's immediately prior employment, and the circumstances surrounding his termination there, which information was apparently never explored in even a routine background check at the time of his hiring. Furthermore, defendant's affiant, who claims to have been the employee's supervisor for 2½ years, was himself identified by plaintiffs as the recipient of numerous complaints about the employee's "rude, uncooperative and at times scary" demeanor towards the tenants, as well as his apparent affinity for Nazi memorabilia and knives, which

decorated his apartment walls. Plaintiffs have identified witnesses who will testify at trial as to the employee's abusive and unprofessional demeanor toward others.

A question of fact is raised concerning the hiring of this employee without benefit of the most routine check of references (cf., Stevens v Lankard, 31 AD2d 602, affd 25 NY2d 640). The question whether defendant's conduct amounts to negligence is inherently one for the trier of fact (Johannsdottir v Kohn, 90 AD2d 842). Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.