■ BHUPINDER HEER, Appellant, v NORTH MOORE STREET DEVELOPERS, L.L.C., et al., Respondents. (And Other Actions.) [878 NYS2d 310]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 15, 2008, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

The lack of witnesses to the accident and plaintiff's inability to recall how the accident happened notwithstanding, plaintiff submitted sufficient admissible proof to establish prima facie that his head injury was the result of a fall from a sidewalk bridge at his work site (*see e.g., Felker v Corning Inc.*, 90 NY2d 219, 224-225 [1997]; *Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264 [2008]), and it is undisputed that plaintiff had not been provided with any safety device to properly protect him from such an elevation-related

hazard. A coworker's sworn statements and a site accident report prepared by defendant general contractor's foreman placed him on the sidewalk bridge just before the accident occurred. Further evidence established that there was a gap of more than three feet between the bridge and the facade of the building and no railing on the building side of the bridge. The coworker stated that he heard plaintiff's fellow bricklayers yelling that plaintiff had fallen backwards off the bridge. He rushed to plaintiff's aid and found plaintiff lying on the ground near the building, beneath the gap. Since the record affords no basis for any conclusion other than that the bricklayers' exclamations were "made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication," the exclamations were admissible as excited utterances (*see People v Johnson*, 1 NY3d 302, 306 [2003]). That plaintiff's head injury was due to a fall from a height was further corroborated by his expert neurologist's affirmation that the type of severe head injury indicated by plaintiff's medical records was consistent with a fall from a height. Plaintiff's coworker also stated that he received the only safety device distributed on the day that plaintiff fell. Defendants' speculation as to how plaintiff might otherwise have been injured failed to raise a material issue of fact on the claim. Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ.