■ MARSHA LANGNER, Appellant, v PRIMARY HOME CARE SERVICES, INC., Respondent, and PERSONAL TOUCH HOME CARE, INC., Respondent-Appellant. [922 NYS2d 431]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 26, 2010, as granted that branch of the motion of the defendant Personal Touch Home Care, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Personal Touch Home Care, Inc., separately appeals from so much of the same order as denied, as academic, that branch of its motion which was for summary judgment on so much of its cross claim against the defendant Primary Home Care Services, Inc., as sought contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff payable by the defendant Personal Touch Home Care, Inc., and one bill of costs to the defendant Personal Touch Home Care, Inc., payable by the defendant Primary Home Care Services, Inc., that branch of the motion of the defendant Personal Touch Home Care, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and that branch of the motion of the defendant Personal Touch Home Care, Inc., which was for summary judgment on so much of its cross claim against the defendant Primary Home Care Services, Inc., as sought contractual indemnification is denied as premature.

The plaintiff's decedent, Chana Jurkowski (hereinafter the decedent), who was 88 years old at the time of the accident, allegedly sustained injuries when she fell on the front porch of her home. At the time of the incident, a home health aide was assigned to care for the decedent. The defendant Personal Touch Home Care, Inc. (hereinafter Personal Touch), had retained the defendant Primary Home Care, Inc. (hereinafter Primary Home Care), to provide home health care services to the decedent.

After commencing this action against Personal Touch and Primary Home Care, the decedent died before she could be

deposed. Personal Touch asserted a cross claim for, inter alia, contractual indemnification against Primary Home Care, and subsequently moved for summary judgment on so much of its cross claim as sought contractual indemnification. It also moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, among other things, granted that branch of Personal Touch's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied, as academic, that branch of its motion which was for summary judgment on so much of its cross claim as sought contractual indemnification. The plaintiff appeals, and Personal Touch separately appeals. We reverse the order insofar as appealed from.

As a general rule, " 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts' " (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257 [2008], quoting *Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *see Schiffer v Sunrise Removal, Inc.*, 62 AD3d 776, 778 [2009]). Whether an actor is an independent contractor or an employee for the purposes of tort liability is usually a factual issue for the jury. However, where "there is no conflict in the evidence, the question may properly be determined as a matter of law" (*Schiffer v Sunrise Removal, Inc.*, 62 AD3d at 779; *see Concord Vil. Owners, Inc. v Trinity Communications Corp.*, 61 AD3d 410, 411 [2009]).

Personal Touch failed to establish, prima facie, that Primary Home Care acted as an independent contractor at the time of the incident (*cf. Schiffer v Sunrise Removal, Inc.*, 62 AD3d at 779). The deposition testimony of Personal Touch's patient service manager and Primary Home Care's coordinator, submitted by Personal Touch in support of its motion, demonstrated that nurses employed by Personal Touch prepared a plan of care for the decedent, were responsible for any "special instructions" concerning her care, and visited the decedent's home at least once a week to supervise the home health aide and to ensure that she followed the plan of care. Under these circumstances, a triable issue of fact exists as to whether Personal Touch exercised control over the method and means by which Primary Home Care did its work (*see Willis v City of New York*, 266 AD2d 208, 208-209 [1999]; *cf. Metling v Punia & Marx*, 303 AD2d 386, 388 [2003]; *Melbourne v New York Life Ins. Co.*, 271 AD2d 296, 298 [2000]).

Moreover, Personal Touch's submissions failed to eliminate all triable issues of fact as to whether the home health aide

breached her duty of care to the decedent by leaving her unattended on the porch at the time of the incident (*see Auer v Affiliated Home Care of Putnam, Inc.*, 63 AD3d 972, 972-973 [2009]; *Esposito v Personal Touch Home Care*, 288 AD2d 337, 338 [2001]; *see also Reavey v State of New York*, 125 AD2d 656, 657 [1986]). " 'Where a defendant is responsible for caring for an individual, the defendant's abandonment of that individual can result in liability' " (*Auer v Affiliated Home Care of Putnam, Inc.*, 63 AD3d at 972, quoting *Willis v City of New York*, 266 AD2d 207, 208 [1999]; *see Esposito v Personal Touch Home Care*, 288 AD2d at 338). The decedent's statement that the aide left her standing unattended on the porch, which she allegedly made to the plaintiff shortly after the accident and which was contained in the plaintiff's deposition testimony submitted by Personal Touch, was admissible as an excited utterance because it was made under the stress of excitement caused by the decedent's fall (*see Heer v North Moore St. Devs., L.L.C.*, 61 AD3d 617, 618 [2009]; *cf. People v Johnson*, 1 NY3d 302, 306-307 [2003]; *Zimbler v Resnick 72nd St Assoc.*, 79 AD3d 620 [2010]; *Lee v City of New York*, 40 AD3d 1048, 1049 [2007]).

In light of Personal Touch's failure to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court erred in granting that branch of Personal Touch's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Further, that branch of Personal Touch's motion which was for summary judgment on so much of its cross claim against Primary Home Care as sought contractual indemnification should be denied as premature. "The right to contractual indemnification depends upon the specific language of the contract" (*Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 994 [2009] [internal quotation marks omitted]; *see D'Angelo v Builders Group*, 45 AD3d 522, 524 [2007]). The indemnification provision at issue obligates Primary Home Care to defend and hold Personal Touch harmless for any claims, actions, litigation, or damages arising out of Primary Home Care's acts or omissions. Since it has not been determined whether the decedent's alleged injuries arose out of an act or omission of Primary Home Care, an award of summary judgment would be premature (*see D'Angelo v Builders Group*, 45 AD3d at 525; *Quiroz v Beitia*, 68 AD3d 957, 961 [2009]; *Bryde v CVS Pharmacy*, 61 AD3d 907, 908-909 [2009]).

The parties' remaining contentions either are without merit

or need not be reached in light of our determination. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.