■ "JANE DOE," Appellant, v BRIAN A. GOLDWEBER, M.D., et al., Defendants, and SOMERSET SURGICAL ASSOCIATES, P.C., et al., Respondents. [976 NYS2d 77]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about December 15, 2011, which, to the extent appealed from as limited by the briefs, granted defendants Somerset Surgical Associates, P.C. and Frank Cohen, M.D.'s motion to dismiss plaintiff's negligent hiring claim as against them, unanimously affirmed, without costs. Order, same court and Justice, entered June 5, 2012, which granted defendants Abbe J. Carni, M.D. and Abbe J. Carni, M.D., P.C.'s motion to reargue the portion of the December 15, 2011 order denying their motion for summary judgment dismissing the negligent hiring claim as asserted against them and, upon reargument, dismissed such claim, unanimously modified, on the law, to deny dismissal of claim against Abbe J. Carni, M.D., P.C. and otherwise affirmed, without costs.

Plaintiff alleges that she contracted the hepatitis C virus as a result of the medical malpractice of Dr. Brian Goldweber, an anesthesiologist, arising from his reuse of a syringe from a source patient in a vial of propofol, in breach of sterile protocols, and then administering plaintiff propofol from the same con-

taminated vial. At the time, plaintiff was undergoing a colonoscopy performed by Dr. Frank Cohen at the ambulatory surgery offices of Somerset Surgical Associates, P.C. Dr. Goldweber's services were provided by Abbe J. Carni, M.D., P.C., an anesthesiology placement company owned by Dr. Abbe Carni.

In the absence of any indication that Somerset and Dr. Cohen were on notice of Dr. Goldweber's propensity to commit the conduct alleged, the court properly dismissed the negligent hiring claim asserted as against them (*see White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [1st Dept 2006]; *see also Sandra M. v St. Luke's Roosevelt Hosp. Ctr.*, 33 AD3d 875, 878, 881 [2d Dept 2006]). However, triable issues of fact exist as to whether Abbe J. Carni, M.D., P.C. may be liable for negligently hiring Dr. Goldweber. Dr. Carni, acting for Abbe J. Carni, M.D., P.C., failed to investigate a seven-month gap in Dr. Goldweber's employment, which would have revealed his disciplinary history, including a three-year suspension from the practice of medicine, stayed by consent, arising from his negligent administration of anesthesia (*see Corbally v Sikras Realty Co.*, 161 AD2d 107 [1st Dept 1990]). Indeed, Dr. Carni admitted that a gap in employment of a few months would have raised a red flag as to potential disciplinary problems, and should have been investigated. An employer may be liable for negligent hiring when it knew or should have known of the employee's propensity to commit injury even if the injury committed was not identical to the prior injury (*see e.g. T.W. v City of New York*, 286 AD2d 243, 245-246 [1st Dept 2001]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ. **[Prior Case History: 33 Misc 3d 1220(A), 2011 NY Slip Op 51986(U).]**