■ DIANE BAUMGARTEN CHICHESTER, as Administrator of the Estate of ZARA BAUMGARTEN, Deceased, Respondent, v MARITZA WALLACE, Defendant, and EDISON HOME HEALTH CARE, LLC, Now Known as EDISON LIQUIDATING, LLC, et al., Appellants. [55 NYS3d 378]—

In an action, inter alia, to recover damages for personal injuries, the defendants Edison Home Health Care, LLC, now known as Edison Liquidating, LLC, Edison Home Health Services, LLC, now known as Edison Liquidating, LLC, and Revival Home Health Care, Inc., now known as Spitzer Consulting Co., Ltd., appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 18, 2015, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff sought the placement of a home health aide for her mother through the defendant Revival Home Health Care, Inc., now known as Spitzer Consulting Co., Ltd. (hereinafter Revival). Revival had contracted with the defendant Edison Home Health Care, LLC, now known as Edison Liquidating, LLC, Edison Home Health Services, LLC, now known as Edison Liquidating LLC (hereinafter Edison; hereinafter together with Revival the appellants), to provide home health aide services for its patients. The plaintiff's mother was sexually assaulted by one of the home health aides assigned to care for her.

The plaintiff commenced this action against the home health

aide and the appellants. With respect to the appellants, the plaintiff sought to recover damages on theories, inter alia, of negligent hiring, supervision, and retention of the offending home health aide. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion.

"As a general rule, 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts' " (*Langner v Primary Home Care Servs., Inc.*, 83 AD3d 1007, 1009 [2011], quoting *Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257 [2008] [internal quotation marks omitted]). "Whether an actor is an independent contractor or an employee for the purposes of tort liability is usually a factual issue for the jury" (*Langner v Primary Home Care Servs., Inc.*, 83 AD3d at 1009; *see Carrion v Orbit Messenger*, 82 NY2d 742, 744 [1993]; *Schiffer v Sunrise Removal, Inc.*, 62 AD3d 776, 779 [2009]).

Here, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against Revival on the ground that the home health aide was employed by Edison, not Revival. While the appellants established, prima facie, that the home health aide was an employee of Edison, in opposition, the plaintiff raised a triable issue of fact as to whether Revival exercised control over the home health aides employed by Edison (*see Langner v Primary Home Care Servs., Inc.*, 83 AD3d at 1009; *Willis v City of New York*, 266 AD2d 208, 208-209 [1999]). The plaintiff submitted, inter alia, the service agreement between the appellants which provided that, notwithstanding the status of the aides as Edison's employees, during the hours that the aides were assigned to work with a patient, the aides would be working under the direction and supervision of Revival, and Revival would determine the scope of the aides' activities and provide on-site instruction and orientation to the aides. The agreement further provided that Revival had the authority to terminate or change the assignment of any aide assigned to a patient and that Edison was to maintain and regularly update Revival on the aides' complete personnel records.

Moreover, although an employer cannot be held vicariously liable for torts committed by an employee acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may be held liable for negligent hiring, supervision, and retention of the employee (*see Ciccone v City*

*of New York*, 138 AD3d 910, 911 [2016]; *Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801, 801 [2010]; *Sandra M. v St. Luke's Roosevelt Hosp. Ctr.*, 33 AD3d 875, 877-878 [2006]; *see also Doe v Guthrie Clinic, Ltd.*, 22 NY3d 480, 485 [2014]). "An employer may be liable for negligent hiring when it knew or should have known of the employee's propensity to commit injury even if the injury committed was not identical to [a] prior injury [inflicted by the employee]" (*"Jane Doe" v Goldweber*, 112 AD3d 446, 447 [2013]; *see T.W. v City of New York*, 286 AD2d 243, 245 [2001]).

Here, the appellants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligent hiring, supervision, and retention (*see Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d 826, 828-829 [2015]; *"Jane Doe" v Goldweber*, 112 AD3d at 447; *T.W. v City of New York*, 286 AD2d at 245-246). The evidence submitted by the appellants in support of their motion reflected the existence of a triable issue of fact as to whether they negligently failed to investigate the home health aide's application for employment, including a gap in her employment. An investigation of that gap would have revealed her suspension from work as a home health aide for another agency. Moreover, the appellants' evidence included a copy of a letter dated April 29, 2009, from the Department of Health to Edison, which Edison admitted having received. The letter notified Edison that the home health aide, who started working in the home of the plaintiff's mother in February 2009, had been charged on April 28, 2009, with grand larceny. This evidence raised a triable issue of fact as to whether, after being notified by the Department of Health that the home health aide had been charged with grand larceny, Edison failed to take appropriate action (*see* 10 NYCRR 402.8, 763.13 [g]; 766.11 [f] [1]). As the evidence submitted by the appellants in support of their motion reflected the existence of a triable issue of fact as to whether they knew or should have known of the home health aide's propensity to unlawfully take advantage of vulnerable elderly persons in her care and, thus, her unfitness to care for any elderly person, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiff's submissions in opposition (*see Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 829-830; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Chambers, J.P., Austin, Roman and Barros, JJ., concur.