Gomes v Pearson Capital Partners LLC (2018 NY Slip Op 01560)





Gomes v Pearson Capital Partners LLC


2018 NY Slip Op 01560


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5948 301249/13 83905/13

[*1]Atley Gomes, Plaintiff-Respondent,
v
Pearson Capital Partners LLC, et al., Defendants-Appellants, CRV Construction, et al., Defendants. 
[And a Third-Party Action]


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for appellants.
Pollack, Pollack, Isaac & Decicco, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 8, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim with respect to the December 24, 2012 accident, and which denied the cross motion of defendants Pearson Capital Partners LLC and Congress Builders LLC for summary judgment dismissing the Labor Law § 241(6) claim with respect to the December 24th accident insofar as predicated on Industrial Code (12 NYCRR) § 23-5.1(j), unanimously affirmed, without costs.
Plaintiff established his entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240(1) claim, insofar as related to the December 24th accident. It is undisputed that the subject scaffold did not have railings, toe boards, or cross-bracing, and there was no place for plaintiff to tie off his safety harness. As such, plaintiff established a violation of the statute. Moreover, plaintiff testified that the accident occurred when he was on the scaffold, tripped on a block, and fell backward, off the scaffold to the ground, and his worker's compensation claim also provides that he slipped and fell while on the scaffold. This is sufficient to establish that the violation was a proximate cause of the injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]; Wilk v Columbia Univ., 150 AD3d 502, 503 [1st Dept 2017]; Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591 [1st Dept 2016]).
In opposition, defendant failed to raise a triable issue of fact. We will not consider defendants' hearsay exception arguments, which are raised for the first time on appeal (see e.g. Gonzalez v New York City Health & Hosps. Corp., 29 AD3d 369, 370 [1st Dept 2006]), to raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident. Even if we were to consider such arguments, they are unavailing. The business record exception is inapplicable, since defendants have not submitted the incident report for the December 24, 2012 accident. The present sense impression exception is also inapplicable, since the out-of-court statement from plaintiff to the foreman that he fell while climbing up the scaffold is not corroborated by independent evidence (see People v Cantave, 21 NY3d 374, 382 [2013]). The excited utterance exception does not apply, since defendants have not provided sufficient evidence of plaintiff's mental state or established that he made the hearsay statement to the foreman under the stress of excitement (see People v Johnson, 1 NY3d 302, 306 [2003]; cf. Heer v North Moore St. Devs., LLC, 61 AD3d 617, 618 [1st Dept 2009]). Furthermore, plaintiff's [*2]statement to the foreman does not fall within the declaration against interest exception because plaintiff was available to, and did, testify as a witness; there is no evidence that plaintiff knew the statement was adverse to his interests when it was made; and the supporting circumstances do not attest to its trustworthiness or reliability (see People v Soto, 26 NY3d 455, 460-461 [2015]).
Issues of fact regarding the actual height of the scaffold
preclude summary judgment in favor of defendants as to the Labor Law § 241(6) claim insofar as predicated on 12 NYCRR 23-5.1(j).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK