Delgaudio v Townhouse Co. LLC (2020 NY Slip Op 07269)





Delgaudio v Townhouse Co. LLC


2020 NY Slip Op 07269


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 160455/13 Appeal No. 12523-12524 Case No. 2020-01734, 2020-01735 

[*1]Anthony Delgaudio, Plaintiff-Respondent,
v
Townhouse Company LLC et al., Defendants-Respondents, The City of New York et al., Defendants, City Cinemas LLC, Defendant-Appellant.
Townhouse Company LLC et al., Third-Party Plaintiffs-Respondents,
v
City Cinemas LLC, Third-Party Defendant-Appellant.
Townhouse Company LLC et al., Fourth-Party Plaintiffs-Respondents,
v
Arista Air Conditioning Corp., Fourth-Party Defendant-Respondent.


Melito & Adolfsen P.C., New York (Steven I. Lewbel of counsel), for appellant.
Cozen O'Connor, New York (Amanda L. Nelson of counsel), for Townhouse Company LLC, Solow Realty & Development Co. LLC and Beekman Theater Company LLC, respondents.
Riker Danzig Scherer Hyland & Perretti, LLP, New York (Peter M. Perkowski Jr. of counsel), for Arista Air Conditioning Corp., respondent.

[*2]

Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered August 26, 2019, which, inter alia, granted the motion of defendant/fourth-party defendant Arista Air Conditioning Corp. (Arista) for summary judgment dismissing defendant/third-party defendant City Cinemas LLC's cross claim for contribution against it, unanimously affirmed, with costs. Order, same court and Justice, entered August 26, 2019, which, inter alia, denied City Cinemas' motion for conditional summary judgment on its contractual indemnification cross claims and counterclaims against defendants/third-party plaintiffs/fourth-party plaintiffs Townhouse Company, LLC and Solow Realty & Development Co. LLC and for summary judgment declaring Townhouse and Solow are required to reimburse it for defense costs, unanimously affirmed, with costs.
Plaintiff commenced this action to recover for personal injuries he sustained while working in a mechanical room of a building owned and managed, respectively, by Townhouse and Solow, when he slipped on garbage or debris on the floor, causing him to fall and his hand to become caught in the exposed and operating belts and pulleys of an air conditioning unit. City Cinemas leased from Townhouse the Beekman Theater located in the building's ground floor and a lower level and had contracted with Arista to maintain and service the air conditioning units located in the room, which serve the theater.
City Cinemas' contention that an issue of fact exists as to whether Arista failed to replace the fan belt cover on the air conditioning unit when it last serviced the unit prior to plaintiff's accident more than three months earlier, is unavailing. Arista's vice president testified that when a service is completed, fan belt covers are always reattached, which "is not something that could go unnoticed." Even if the testimony of Solow's handyman was unclear as to whether he recalled the cover being in place specifically on the day before plaintiff's accident and whether he always makes a note in his daily inspection log if it was not in place, he testified that he never noticed the cover missing prior to the accident and the daily logs never noted it was missing in the 13 days leading up to plaintiff's accident, even though it "is not something that could go unnoticed." Contrary to City Cinemas' further contention, the mere existence of a second set of daily inspection logs does not create an issue of fact or credibility where it fails to address the contents of those logs.
Assuming City Cinemas pleaded a cross claim or counterclaim against Townhouse and Solow for contractual indemnification, Supreme Court also correctly concluded it was not entitled to conditional summary judgment on such a cross claim or counterclaim. City Cinemas' lease contained reciprocal indemnification obligations whereby City Cinemas, on one hand, and Townhouse and Solow, on the other, were required to indemnify the other against "liability, damages or expenses arising from injury or death . . . as a result of any act or omission of" the other or the other's "agents or employees." Because it has not been determined that plaintiff's injuries resulted from Townhouse's or Solow's acts or omissions, City Cinema is not entitled to conditional contractual indemnification against them (see Langner v Primary Home Care Servs., Inc., 83 AD3d 1007, 1010 [2d Dept 2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020