Engelman v Rofe (2021 NY Slip Op 01321)





Engelman v Rofe


2021 NY Slip Op 01321


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta
Troy K. Webber Jeffrey K. Oing Saliann Scarpulla


Index No. 152072/18 Appeal No. 12979 Case No. 2019-4991 

[*1]Lucy Engelman et al., Plaintiffs-Appellants,
v
Peter Rofe et al., Defendants-Respondents.



Plaintiffs appeal from the order and amended order of the Supreme Court, New York County (Carmen Victoria St. George, J.), entered June 13, 2019 and July 12, 2019, respectively, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the cause of action under the Victims of Gender-Motivated Violence Protection Law (VGM) (Administrative Code of City of NY § 10-1101 [formerly § 8-901] et seq.) and the causes of action for negligence and negligent hiring and supervision as against defendant PDR Voice, Inc.




Hasapidis Law Office, South Salem (Annette G. Hasapidis of counsel), for appellants.
The Law Office of David S. Klausner PLLC, White Plains (David S. Klausner and Crystal Massarelli of counsel), for respondents.



ACOSTA, P.J. 


This appeal gives us the opportunity to decide whether the seven-year limitations period for a claim under the Victims of Gender-Motivated Violence Protection Law (VGM) (Administrative Code § 10-1105[a]) is preempted by CPLR 215(3), which provides for a one-year limitations period for assault. We find that the applicable limitations period is seven years. In so finding, we reaffirm a municipality's right to create a private right of action to protect its citizens from gender-motivated violence. We also find that plaintiffs stated a cause of action for negligent hiring and supervision, notwithstanding that defendant PDR Voice, Inc. (PDR), is an S Corporation.
The original summons and complaint in this action was dated March 6, 2018. In an amended complaint dated April 30, 2018, all 11 plaintiffs (all woman) alleged that they had been subjected to sexual abuse while they attended voice-over coaching sessions with defendant PDR. Defendant Peter Rofe was the voice-over coach and an owner or agent or employee of PDR. The amended complaint alleged that on multiple dates between the summer of 2011 and July 2016, Rofe made unwanted sexual advances toward plaintiffs, which included forcibly kissing some of the women and touching their breasts, buttocks and groins, and forcing some to touch his penis or buttocks.
Plaintiffs' first cause of action was labeled as a cause of action for negligence and alleged that Rofe and PDR caused them to suffer personal injury and emotional distress as a result of Rofe's sexual attacks. Concerning PDR in particular, they alleged that the company knew or should have known that Rofe had previously sexually assaulted women and was likely to do so again. The second cause of action alleged negligent infliction of emotional distress, and alleged that PDR negligently failed to stop Rofe from sexually assaulting the women, and proximately caused plaintiffs physical and emotional distress. The third cause of action alleged negligent hiring and supervision. The fourth cause of action alleged that Rofe's actions constituted a crime of violence motivated by gender, and therefore violated the VGM (Administrative Code § 8-901 et seq. ) (Administrative Code § 8-901 [*2]et seq. has since been amended and redesignated Administrative Code § 10-1101 et seq.).
In a pre-answer motion, defendants moved to dismiss the amended complaint, arguing that the first cause of action was subject to the one-year statute of limitations for intentional torts and the second cause of action was duplicative of other causes of action, and alleged intentional misconduct. They also argued that the third cause of action should be dismissed because PDR was an S Corporation solely owned by Rofe. Although defendants attached an affidavit by PDR's accountant that PDR was an S Corporation, and that Rofe was the sole shareholder and officer, in their opposition, plaintiffs submitted a transcript of deposition testimony from a medical malpractice action that Rofe had commenced. In it, Rofe stated that in 2015, he had several assistants employed by the corporation. He explained that since he had surgery, his sound engineer "stepped in" to do the coaching, and he used "remote coaches" for a small amount of work. PDR's website also lists a sound engineer, a director of marketing, an art designer, and three associate coaches. Rofe also stated in a bill of particulars that PDR was his employer.
As to the fourth cause of action, under the VGM, defendants argued that the claim was untimely, as its seven-year statute of limitations was preempted by State law, namely CPLR 215(3), which provides for a one-year statute of limitations for intentional torts (see e.g. Krioutchkova v Gaad Realty Corp., 28 AD3d 427, 428 [2d Dept 2006]).
The motion court granted defendants' motion to dismiss the amended complaint. Plaintiffs appealed the dismissal of the first, third and fourth causes of action. We now modify to deny the motion as to the third and fourth causes of action.
With respect to the fourth cause of action, the VGM provides that "any person claiming to be injured by an individual who commits a crime of violence motivated by gender has a cause of action against such individual," and may seek, inter alia, compensatory and punitive damages (Administrative Code § 10-1104). A "crime of violence" is defined, as pertinent herein, as an act that would constitute a misdemeanor or felony against the person as defined in state or federal law, "if the conduct presents a serious risk of physical injury to another" (Administrative Code § 10-1103). To constitute a crime of violence motivated by gender, the crime must be "due, at least in part, to an animus based on the victim's gender" (id.).
As indicated above, VGM provides that a claim may be commenced within seven years after the alleged crime of violence motivated by gender occurred (Administrative Code § 10-1105[a]). In contrast, CPLR 215(3) provides that an action to recover damages for assault must be commenced within one year. There appears to be no appellate precedent addressing whether the VGM's seven-year statute of limitations is preempted by CPLR 215(3), although Cordero v Epstein (22 Misc 3d 161[*3], 168-169 [Sup Ct, NY County 2008]), supports defendant's position. We conclude that plaintiffs' claim is in the nature of a civil rights cause of action and therefore CPLR 215(5) is inapplicable.
Pursuant to New York's "home rule" provision, local governments have broad policing power to enact legislation concerning the health, safety and welfare of their residents, "provided local governments refrain from adopting laws that are inconsistent with the Constitution or state statutes" (Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v City of New York, 142 AD3d 53, 58 [1st Dept 2016], appeal dismissed 28 NY3d 978 [2016], citing Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96 [1987]; see DJL Rest. Corp. v City of New York, 96 NY2d 91, 95 [2001]). State law may preempt local law" in two ways (Patrolmen's Benevolent Assn. of the City of N.Y., Inc., 142 AD3d at 58). A local law is preempted if the State has evidenced an intent to occupy an entire field through a pervasive scheme (field preemption) (id. at 58-61) (which defendants argue here) or "where local laws prohibit what would be permissible under State law, or impose prerequisite additional restrictions on rights under State law, so as to inhibit the operation of the State's general laws" (conflict preemption) (Zakrzewska v New School, 14 NY3d 469, 480 [2010]; see also Center for Independence of the Disabled v Metropolitan Transp. Auth., 184 AD3d 197, 202 [1st Dept 2020]).
Contrary to defendants' argument, New York State has not evinced an intent to occupy the field with respect to the statute of limitations in this matter. This Court has previously recognized that the VGM was passed by the City Council specifically in response to the United States Supreme Court's decision in United States v Morrison (529 US 598 [2000]), which struck down the federal civil rights remedy for gender-motivated crimes contained in the federal Violence Against Women Act (VAWA) as an unconstitutional exercise of Congressional power. The VAWA did not contain a statute of limitations, so federal courts had to look to the "most appropriate or analogous state statute of limitations" (Ericson v Syracuse Univ., 35 F Supp 2d 326, 329 [SD NY 1999] [internal quotation marks omitted]). Because VAMA claims were intended to protect civil rights, they were not subject to the applicable statute of limitations for assault or battery (id. at 329-330). The court rejected the defendants' argument that the civil cause of action provided in the VAWA was analogous to the state law causes of action for assault (id.).
In Breest, issued after the motion court's decision in this case, this Court observed that the legislative history of the VAWA reflects that that statute was intended to create a civil rights remedy or cause of action (Breest, 180 AD3d at 89-91; see also Ericson, 35 F Supp 2d at 329-30). Shortly after the VAWA civil rights remedy was struck down, the City Council passed the VGM to fill the "void" left by the [*4]Supreme Court's decision (see Administrative Code § 10-1102). While it is true that the Supreme Court struck down the federal civil rights remedy, it did so on the ground that the law exceeded congressional authority under the Commerce Clause and Equal Protection Clause; with respect to the Commerce Clause, the Court explained that the suppression of violent crime was a matter for the States to address rather than the federal government (Morrison, 529 US at 617-619).
Indeed, the VGM provisions were originally part of the City Human Rights Law (HRL), whose purpose is, among other things, to combat "bias-related violence" (Administrative Code § 8-101). Furthermore, the "VGM, as did its federal predecessor, provides a civil cause of action for victims of crimes of violence 'committed because of gender or on the basis of gender, and due, at least in part, to animus based on the victim's gender'" (Breest, 180 AD3d at 85, quoting Administrative Code § 10-1103). The definition of "crime of violence motivated by gender" was also "adopted verbatim" from the VAWA (id. at 88).
The VGM's construct is consistent with the City's "broad policing power" to enact legislation to protect its residents from discrimination, including gender-related violence (see also Phillips v City of New York, 66 AD3d 170, 186 [1st Dept 2009] ["City Council had the authority to create a private right of action [under the City HRL], even one that went beyond the remedies granted by the State HRL," citing Bracker v Cohen, 204 AD2d 115 [1st Dept 1994]). Moreover, "the State has not preempted local anti-discrimination laws of general application" (Center for Independence of the Disabled, 184 AD3d at 202; see also New York State Club Assn. v City of New York, 69 NY2d 211, 218 [1987] ["the State has not preempted the field of antidiscrimination legislation by enacting the human rights provisions of the Executive Law (§ 290 et seq.)"], affd 487 US 1 [1988]).
Based on the foregoing, we find that the legislative intent of the VGM was to create a civil rights remedy or cause of action such as in VAWA, rather than to extend the statute of limitations for a particular class of assaults. Since the nature of the claim is for a civil rights violation (providing a remedy for those subjected to violence because of their gender), the seven-year limitations period provided in the Administrative Code is not preempted by the CPLR statute of limitations for assault claims.
Defendants argue that even if CPLR 215 does not apply, CPLR 214(2), which provides that an action to recover upon a liability "imposed by statute" must be commenced within three years, and Administrative Code § 8-502(d) requires City HRL claims to be filed within three years. However, CPLR 201 states that the times listed in CPLR article 2 apply "unless a different time is prescribed by law." Inasmuch as the VGM itself provides a different time than that prescribed in CPLR 214(2), the time prescribed in the VGM controls.
Here, [*5]the amended complaint in the instant action describes a series of different sexual attacks and alleges that Rofe's actions constituted a crime of violence motivated by gender and were due, at least in part, to an animus based on the victims' gender. Plaintiffs' claims are sufficient to allege animus based on gender. As we held in Breest (180 AD3d at 94):
"Without consent, sexual acts . . . are a violation of the victim's bodily autonomy and an expression of the perpetrator's contempt for that autonomy. Coerced sexual activity is dehumanizing and fear-inducing. Malice or ill will based on gender is apparent from the alleged commission of the act itself. Animus inheres where consent is absent."
Accordingly, plaintiffs' allegations in their complaint follow the language of the VGM. Plaintiffs argued that they were entitled to compensation because they had been targeted due to their gender, and the claim was made within the seven-year statute of limitations period. Accordingly, the fourth cause of action is reinstated.
In the third cause of action, plaintiffs allege that PDR negligently hired and failed to supervise Rofe. On the motion to dismiss, Rofe argued that, because he is the sole owner and only employee of PDR, PDR cannot be held liable for his actions on a theory of negligent hiring/supervision, i.e., Rofe cannot be held liable for hiring or supervising himself. An employer cannot be held vicariously liable for an alleged assault that is not within the scope of the employee's employment and was not condoned or authorized by the employer (see Yeboah v Snapple, Inc., 286 AD2d 204, 204-205 [1st Dept 2001]). "Liability will attach on such a claim only when the employer knew or should have known of the employee's violent propensities" (id.; see also "Jane Doe" v Goldweber, 112 AD3d 446, 447 [1st Dept 2013]). The employer's liability is direct, not vicarious, and arises from its having placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee" (see Sheila C. v Povich, 11 AD3d 120, 129 [1st Dept 2004]).
While the parties have not identified any authorities directly on point, the motion court's conclusion that one cannot be held liable for negligently supervising himself is persuasive. A cause of action for negligent hiring or supervision involves one party (an employer) placing another (its employee) in a position where he may cause foreseeable harm (see generally Sheila C., 11 AD3d at 129-30). Thus, Rofe, individually, could not negligently hire or supervise himself.
Nevertheless, plaintiffs are correct that this Court should accept as true their allegation that Rofe is an employee of PDR. On a motion to dismiss pursuant to CPLR 3211, the court must accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion (see [*6]511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]). In the amended complaint, plaintiffs alleged that Rofe was an agent "and/or" employee of PDR. Additionally, in opposition to defendants' motion, plaintiffs submitted a bill of particulars from a separate proceeding in which Rofe identified PDR as his employer. While defendants submitted evidence that Rofe was not an employee, "dismissal under CPLR 3211 (a) (1) is warranted "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (id at 152, quoting Leon v Martinez, 84 NY2d 83, 88 [1994]).
To be sure, defendants may be correct that PDR essentially has no corporate structure separate from Rofe. Plaintiffs themselves do not appear to distinguish between Rofe and PDR in their brief. Nevertheless, plaintiffs have sufficiently alleged that Rofe was an employee of PDR and, through the submission of additional evidence in opposition to the motion to dismiss, have also sufficiently alleged that there may have been other employees of PDR who either hired, or supervised Rofe or whom Rofe hired or supervised. The acts of a corporation's agent and the knowledge acquired by the agent are presumptively imputed to the corporation (Weinberg v Mendelow, 113 AD3d 485, 486 [1st Dept 2014]). Thus, Rofe's knowledge (as an alleged agent of PDR) that an employee was potentially violent or prone to sexual assaults would normally be imputed to PDR, potentially requiring PDR to supervise that employee, and the cause of action for negligent hiring and supervision should be reinstated as against PDR (see generally Sheila C. v Povich, 11 AD3d at 129-130).
The court correctly determined that the essence of the first claim is assault and properly dismissed that cause of action.
Accordingly, the order and amended order of the Supreme Court, New York County (Carmen Victoria St. George, J.), entered June 13, 2019 and July 12, 2019, respectively, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the cause of action under the Victims of Gender-Motivated Violence Protection Law (VGM) (Administrative Code of City of NY § 10-1101 [formerly § 8-901] et seq.) and the causes of action for negligence and negligent hiring and supervision as against defendant PDR Voice, Inc., should be modified, on the law, to deny the motion as to the VGM cause of action and as to the negligent hiring and supervision cause of action, and otherwise affirmed, without costs.
Order and amended order of the Supreme Court, New York County (Carmen Victoria St. George, J.), entered June 13, 2019 and July 12, 2019, modified, on the law, to deny the motion as to the VGM cause of action and as to the negligent hiring and supervision cause of action, and otherwise affirmed, without costs.
Opinion by Acosta, P.J., All concur.
Acosta, P.J., Webber, Oing, Scarpulla, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*7]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021