Pander v GuildNet, Inc. (2026 NY Slip Op 00201)

Pander v GuildNet, Inc.

2026 NY Slip Op 00201

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 160162/17|Appeal No. 5594|Case No. 2025-00652|

[*1]Ronald Pander, etc., Plaintiff-Respondent,
vGuildNet, Inc., et al., Defendants-Appellants, Ellison Home Care Companion Agency, Inc., et al., Defendants-Respondents, "John Doe," etc., et al., Defendants.

Mauro Lilling Naparty LLP, Woodbury (Jennifer B. Adler of counsel), for appellants.
Law Office of Neil R. Finkston, Great Kneck (Neil R. Finkston of counsel), for Ronald Pander, respondent.
Landman Corsi Ballaine & Ford P.C., New York (Vincent J. Mehnert of counsel), for Ellison Home Care Companion Agency, Inc., and Khaleil Shaw, respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 6, 2025, which, to the extent appealed from as limited by the briefs, denied defendants GuildNet, Inc. and Lighthouse Guild International, Inc.'s motion for summary judgment dismissing plaintiff's causes of action for negligence, negligent supervision, and, in sum and substance, assault and battery as against them, or, alternatively, on their cross-claim against defendant Ellison Home Care Companion Agency, Inc. for contractual indemnification, unanimously modified, on the law, to grant GuildNet and Lighthouse's motion for summary judgment dismissing plaintiff's negligence, negligent supervision, and assault and battery claims as against them, and otherwise affirmed, without costs.
Lighthouse is the parent company of GuildNet, a long-term healthcare plan. GuildNet contracted with Ellison to provide home health aide services to its enrollees. Defendant Khaleil Shaw was one of the home health aides employed by Ellison who tended to plaintiff's mother, Mary Pander. Plaintiff alleges that Shaw and others assaulted and battered Mary, ultimately leading to her death. Defendants maintain that Mary simply fell out of bed overnight and was found by Shaw in the morning. In either event, plaintiff seeks to hold GuildNet and Lighthouse vicariously liable for Shaw's assault, battery, and/or negligence; for their negligent supervision of Shaw and Ellison; and, ultimately, for Mary's wrongful death.
The assault, battery, and negligence claims should have been dismissed as against GuildNet on the ground that Shaw was not its employee at the time of the underlying events. GuildNet and Ellison's Participating Provider Agreement expressly defined their relationship as one of independent contractors rather than employer-employee (Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516, 518 [2d Dept 2008]). The record discloses that GuildNet had only incidental control and general supervisory power over Ellison's work, which is insufficient to establish an employer-employee relationship (see Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; Melbourne v New York Life Ins. Co., 271 AD2d 296, 297 [1st Dept 2000]; compare Coker v Perez, 211 AD3d 507, 507 [1st Dept 2022], with Chichester v Wallace, 150 AD3d 1073, 1073-1074 [2d Dept 2017], and Langer v Primary Home Care Servs., Inc., 83 AD3d 1007, 1008-1009 [2d Dept 2011]). Further, Ellison admitted that Shaw was its employee and acting within the scope of her employment at the time of the underlying events.
The remaining claim for negligent supervision should also have been dismissed. To the extent that it is predicated on GuildNet's alleged failure to supervise Shaw despite knowledge of her "propensity for the sort of behavior which caused" Mary's injuries and death (Detone v Bullit Courier Serv., 140 AD2d 278, 279 [1st Dept 1988], lv denied 73 NY2d 702 [1988]), Shaw was not GuildNet's employee, and the record is bereft of any information that could impute to GuildNet knowledge of her propensity either to commit assault or battery or to ignore a client in distress (cf. e.g. Norris v Innovative Health Sys., Inc., 184 AD3d 471, 472-473 [1st Dept 2020]). To the extent that the claim is instead predicated on GuildNet's alleged failure to supervise the care that Mary received, namely, by failing to assign a competent agency to assign a competent home health care aide to work with Mary, plaintiff has not identified how such a failure proximately caused Mary's injuries and death, assuming that GuildNet even had a duty to do so in the first place. To the extent that GuildNet and Lighthouse argue that the negligent hiring claim should have been dismissed, we note that the court's order expressly dismissed that claim against them (see Smith v Extell W. 45th LLC, 230 AD3d 1044, 1046 [1st Dept 2024]).
As all other claims against GuildNet should have been dismissed, the wrongful death claim also should have been dismissed (see Golden v EcoHealth Alliance, Inc., 241 AD3d 1198, 1200 [1st Dept 2025]). Lastly, although the parties have not detailed the relationship between GuildNet and its parent company, Lighthouse, since all of the claims for which Lighthouse potentially could have been vicariously liable (i.e., all of the claims against GuildNet, its subsidiary) have been dismissed, Lighthouse also is entitled to dismissal of the amended complaint as against it (cf. Reyes v 45 & 47 Wadsworth Ave. Co., LLC, 242 AD3d 675, 677 [1st Dept 2025]).
We do not reach GuildNet and Lighthouse's remaining argument concerning their contractual indemnification cross-claim against Ellison, since they expressly conditioned their request for that relief in their principal brief on at least one of plaintiff's claims against them surviving summary judgment.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026