Schiff v Intersystem S&S Corp. (2026 NY Slip Op 01294)

Schiff v Intersystem S&S Corp.

2026 NY Slip Op 01294

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 155656/19|Appeal No. 6014|Case No. 2025-04188|

[*1]Joseph Schiff, Plaintiff-Appellant-Respondent,
vIntersystem S&S Corp., et al., Defendants-Respondents-Appellants, Intersystem Installation Corp. et al., Defendants.

German Rubenstein LLP, New York (Joel M. Rubenstein of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Nicholas R. Napoli, III of counsel), for Intersystem S&S Corps., respondent-appellant.
London Fischer LLP, New York (Brian A. Kalman of counsel), for The Apple Bank Building Condominium, respondent-appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 31, 2025, which, to the extent appealed from as limited by the briefs, denied defendant Intersystem S&S Corp.'s motion for summary judgment dismissing the complaint as against it and dismissing the cross-claims of defendant The Apple Bank Building Condominium as against it for common-law indemnification and contribution and for breach of contract for failure to procure insurance; denied so much of plaintiff's cross-motion as sought summary judgment on the issue of liability as against Intersystem and spoliation sanctions against Intersystem; and denied so much of Apple Bank's motion as sought summary judgment dismissing the complaint as against it and on its cross-claims against Intersystem for common-law indemnification and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant so much of plaintiff's cross-motion as sought summary judgment on the issue of liability as against Intersystem, and so much of Apple Bank's motion as sought summary judgment on its cross-claim against Intersystem for breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
Plaintiff's post-accident statements to his domestic partner and to the responding police officer, that he fell on Intersystem's scaffolding on the sidewalk, were not admissible under the exceptions to the rule against hearsay as excited utterances or present sense impressions. The statements were not contemporaneous with the incident (see People v Deverow, 38 NY3d 157, 165-166 [2022]), nor were they made while plaintiff was still under the stress of excitement after his fall (see People v Johnson, 1 NY3d 302, 306-307 [2003]).
However, the testimony by plaintiff's domestic partner as to what an Intersystem supervisor told her after the accident — namely, that plaintiff had tripped over scaffolding materials that Intersystem had left on the sidewalk — was admissible as an opposing-party statement, as the supervisor made the statement while working within the scope of his employment by Intersystem (CPLR 4549).
Supreme Court should have granted summary judgment to plaintiff on the issue of liability as against Intersystem. The opposing-party statement, coupled with plaintiff's partner's observations at the scene of blood on both plaintiff and scaffolding materials on the sidewalk, "provide[d] sufficient facts and circumstances from which causation may be reasonably inferred" without resorting to speculation (Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]). This evidence not only raised issues of fact precluding summary judgment dismissing the complaint as against Intersystem, but also established prima facie that Intersystem, in failing to exercise reasonable care in conducting its work, "launche[d] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks omitted]). In opposition, Intersystem failed to raise an issue of fact.
In light of our determination on Intersystem's liability, the parties' arguments regarding whether Intersystem should have been sanctioned for alleged spoliation of evidence are rendered academic.
Supreme Court correctly denied Apple Bank's motion to the extent it sought summary judgment dismissing the complaint as against it. Apple Bank failed to establish its prima facie entitlement to judgment as a matter of law, as it submitted no evidence of when the area in question was last cleaned or inspected before plaintiff fell (see Vargas v Riverbay Corp., 157 AD3d 642, 642 [1st Dept 2018]; Ricci v A.O. Smith Water Prods. Co., 143 AD3d 516, 516 [1st Dept 2016]). Although Apple Bank submitted an affidavit addressing the issue in its reply, this evidence could not be considered in support of its prima facie burden (see e.g. Coon v WFP Tower B Co. L.P., 220 AD3d 407, 409 [1st Dept 2023]). Further, Apple Bank cannot show entitlement to summary judgment merely by pointing to perceived gaps in plaintiff's case (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]; Vargas, 157 AD3d at 642).
Given the issues of fact as to its liability, Supreme Court also properly denied Apple Bank's motion to the extent it sought summary judgment on its cross-claim for common-law indemnification against Intersystem (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). We do not reach Intersystem's argument that Apple Bank's cross-claims against it should be dismissed, as Intersystem's request for that relief was expressly conditioned on the complaint's dismissal as against it (see Pander v GuildNet, Inc., — AD3d &mdash, &mdash, 2026 NY Slip Op 00201, *1 [1st Dept 2026]).
However, Supreme Court should have addressed the merits of Apple Bank's request for summary judgment on its newly added cross-claim against Intersystem for breach of contract for failure to procure insurance. The proposed amended pleading containing the cross-claim contained no demand for an answer, and was therefore deemed denied (see CPLR 3011). Accordingly, there was no need for Intersystem to join issue on the cross-claim before Apple Bank could seek summary judgment on it.
On the merits, Apple Bank should have been awarded summary judgment on that cross-claim, as it sustained its prima facie burden by submitting the relevant contract requiring Intersystem to name "the Customer" as an additional insured (see Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]). Although the contract does not define "the Customer," the documentary and testimonial evidence that Apple Bank submitted in support of its motion — including the deposition testimony of Intersystem's principal indicating that "the Customer" referred to Apple Bank — established that Apple Bank was "the Customer" within the meaning of the contract. Intersystem did not submit any insurance policy naming Apple Bank as an additional insured and, thus, failed to raise an issue of fact in opposition (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026