James McGarry, Appellant-Respondent, v Russell Miller et al., Defendants, and Bernard Mayer et al., Respondents-Appellants.—

Plaintiff commenced this action against defendant Mutual Benefit Life Insurance Company, its general agent Bernard Mayer and Marvin Meyer Associates, Inc. (M & M), and an insurance broker, Russell Miller, individually and his business entity, alleging four causes of action for fraud. Plaintiff claimed that he purchased whole life insurance as an investment for his defined benefit plan as the result of misrepresentations by Miller, believing that what he was obtaining was an investment in a portfolio maintained by Mutual Benefit with an incidental term life insurance death benefit. The court found that plaintiff had failed to demonstrate a cause of action for fraud against either Mutual Benefit or M & M, that these parties had not manifested any conduct communicated to plaintiff cloaking Miller with the authority to make false

representations and that plaintiff was not induced to enter into the transaction by any misrepresentation. The court, accordingly, granted the motion and cross motion for summary judgment, dismissing the third and fourth causes of action against M & M and Mutual Benefit, respectively, without prejudice.

On appeal, plaintiff contends that Mutual Benefit and M & M, as principals, are liable for the acts of Miller, their agent. However, a principal is only liable for the conduct of an agent acting within the scope of his authority *(Greene v Hellman,* 51 NY2d 197). In that regard, making fraudulent misrepresentations was not reasonably or necessarily incidental to that which Miller was authorized to do *(Deyo v Hudson,* 225 NY 602, 613). Further, a principal is not liable for the acts of an agent in excess of any actual authority unless it is demonstrated that the party reasonably relied on such misrepresentations because of some misleading conduct on the part of the principal *(Ford v Unity Hosp.,* 32 NY2d 464, 473). Since neither Mutual Benefit nor M & M had any contact with plaintiff, no such showing can be made. In the absence of evidence that plaintiff reasonably relied on any misrepresentations, he cannot establish the element necessary to sustain an action for fraud *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 119). Plaintiff having failed to set forth proof in admissible form of triable issues of fact, the court properly granted summary judgment. The court concluded that plaintiff may have a cause of action against Mutual Benefit for rescission or reformation *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211) and, thus, the dismissal was without prejudice. However, as M & M was not a party to the contract, no such cause of action may be alleged against it. Consequently, the order and judgment should be modified to the extent of dismissing the third cause of action against M & M with prejudice, and otherwise affirmed. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.