■ SIEMENS SOLAR INDUSTRIES, Appellant, v ATLANTIC RICHFIELD COMPANY, Respondent. [673 NYS2d 674] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered on or about February 5, 1998, dismissing the complaint, unanimously affirmed, with costs. The appeal from the order, same court and Justice, entered December 10, 1997, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

We agree with the motion court that plaintiff's fraud cause of action is not viable because this sophisticated entity's opportunities to obtain knowledge of the matters that are the subjects of the alleged misrepresentations preclude its claim of reasonable reliance (see, *Abrahami v UPC Constr. Co.*, 224 AD2d 231, 234). Nor is there merit to plaintiff's breach of warranty claim. The provision in *CBS Inc. v Ziff-Davis Publ. Co.* (75 NY2d 496), upon which plaintiff relies, expressly warranted an existing specified fact, unlike the provision in the agreement herein, which generally warrants that the representations contained in the agreement and its accompanying schedules do not omit any material facts, but nowhere mentions the specific matter that is the subject of the alleged nondisclosure. Moreover, it would be inequitable to permit plaintiff to recover under such warranty in view of its knowledge of facts that would otherwise constitute a breach thereof (see, *Galli v Metz*, 973 F2d 145, 151; *Rogath v Siebenmann*, 129 F3d 261, 264-265). Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.