■ COTTON FIELD, INC., et al., Appellants, v SAMSUNG AMERICA, INC., Respondent. [746 NYS2d 474] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about November 15, 2001, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although plaintiffs allege that they purchased finished garments bearing designer labels from defendant only to subsequently learn that the purported designer garments had been counterfeited, there is no proof that defendant, in fact, sold plaintiffs any finished products or negotiated with plaintiffs toward making such a sale. It is clear that the parties with whom plaintiff dealt respecting its complained of purchase of finished goods had no actual authority to contract on defendant's behalf, nor was there evidence of any words or conduct by defendant or its executive employees that would have created the appearance that those parties had authority to contract for or otherwise bind defendant (*see, Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551; *Hallock v State of New York*, 64 NY2d 224, 231; *see also, Wood v William Carter Co.*, 273 AD2d 7). Accordingly, there exists no basis to hold defendant accountable for the representations of the persons with whom plaintiffs dealt, which, even if attributable to defendant on an apparent authority theory, would not constitute grounds for a claim of fraud or misrepresentation against defendant, since plaintiffs can make no sustainable claim that they reasonably

relied upon the alleged misrepresentations, plaintiff Lee having indisputably failed to avail himself of numerous opportunities to obtain knowledge of the allegedly misrepresented matters (*see, Siemens Solar Indus. v Atlantic Richfield Co.*, 251 AD2d 82, *lv denied* 92 NY2d 814; *Fleet Credit Corp. v Cabin Serv. Co.*, 192 AD2d 421; *McGarry v Miller*, 158 AD2d 327, 328).

Nor do plaintiffs possess any claim against defendant for breach of a contract for the sale of finished goods since there is no proof of any such contract, the only substantiated contractual relationship between the parties having been for the sale of unfinished fabric. Finally, plaintiffs' claim for prima facie tort may not stand since there is no evidence that Samsung was even aware of, much less that it took part in the alleged transactions involving counterfeit finished garments solely out of disinterested malevolence (*see, Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332-333).

We have considered and rejected plaintiffs' remaining contentions. Concur—Tom, J.P., Buckley, Ellerin, Rubin and Gonzalez, JJ.