■ Parker East 67th Associates, L.P., et al., Appellants, v Minister, Elders and Deacons of the Reformed Protestant

DUTCH CHURCH OF THE CITY OF NEW YORK et al., Respondents. [754 NYS2d 255] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered April 17, 2002, which, upon the prior grant of defendants' motion pursuant to CPLR 3211, dismissed the complaint, unanimously affirmed, without costs.

The motion court correctly held that plaintiffs had failed to state a cause of action for breach of contract against defendant The Minister, Elders and Deacons of the Reformed Protestant Dutch Church of the City of New York (Collegiate). The subject 1995 real estate contract, which permitted termination by either defendant sellers or plaintiff purchasers if plaintiffs were unwilling to accept title subject to leasehold claims to the property by a closing deadline of August 1, 1998, was properly terminated by Collegiate after Collegiate was unable to resolve a dispute with the chapel tenant which claimed to have a 99-year leasehold interest in the property as the intended third-party beneficiary of the 1917 agreement conveying the property to Collegiate. Plaintiffs' bare assertion that Collegiate did not reasonably endeavor to obtain possession of the property is unavailing to sustain their breach of contract claim, particularly since the record demonstrates that Collegiate sought to evict the chapel tenant prior to execution of the contract and vigorously defended the chapel tenant's lawsuit commenced in March 1996. Plaintiffs' breach of the covenant of good faith and fair dealing causes of action were properly dismissed as duplicative of their unavailing breach of contract claims (*see Engelhard Corp. v Research Corp.*, 268 AD2d 358). Finally, the motion court properly dismissed plaintiffs' fraudulent inducement claim upon the ground that, even if defendants had falsely represented that there were no claims to the property, plaintiffs could not establish justifiable reliance (*see Cotton Field v Samsung Am.*, 295 AD2d 259, 259-260). The contract of sale imposed a duty upon plaintiffs to conduct their own investigation and evaluation of every aspect of the premises and transaction, which inquiry, had it been properly performed, would have disclosed the 1917 document supporting the chapel tenant's leasehold claim. Concur—Mazzarelli, J.P., Saxe, Sullivan, Williams and Gonzalez, JJ.