■ HARVEY S. SHIPLEY MILLER, as Trustee of the Trust Known as JUDITH ROTHSCHILD FOUNDATION, Respondent, v ICON GROUP LLC, Appellant. [911 NYS2d 3]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered June 4, 2009, awarding plaintiff the principal sum of $1,700,000, unanimously affirmed, with costs.

Appeal from order, same court and Justice, entered April 20, 2009, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant, a real property management company, alleges it was fraudulently induced to enter into a $17 million contract to purchase a brownstone owned by a foundation by its trustee's false representations that the adjacent property was also available for sale to defendant by its owner for about $10 million. Defendant further avers that the trustee represented he would make arrangements with the neighboring owner and that defendant should not contact him until the transaction with the foundation had closed. Plaintiff submitted no evidence disputing those allegations. After defendant signed the contract, its principals met with the owner of the adjacent property, who said he had no intention of selling at any price. Defendant then notified plaintiff that it would not consummate the transaction.

The contract between the parties was not conditioned on defendant's ability to acquire the adjacent property; however, defendant agreed to make reasonable commercial efforts to acquire the adjacent property, and to pay plaintiff additional compensation of $500,000 if this could be accomplished within a year after closing.

In entering into the contract, defendant represented that it had undertaken all necessary examination of the property in question, as well as "all other matters affecting or relating to this transaction," and that it was not relying on any oral or written representations by the seller, its broker, or any representatives other than those set forth in the contract. Even though the general merger and disclaimer clauses do not preclude parol evidence of fraud in the inducement (*see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]; *DiFilippo v Hidden Ponds Assoc.*, 146 AD2d 737 [1989]), the fraudulent inducement defense was properly rejected. Defendant, a sophisticated real estate entity represented by counsel, could not establish justifiable reliance since it did not undertake due diligence concerning a matter it regarded as essential to the transaction and was not peculiarly within its knowledge (*see Goldman v Strough Real Estate*, 2 AD3d 677, 678 [2003]; *Valassis Communications v Weimer*, 304 AD2d 448 [2003], *appeal dismissed* 2 NY3d 794 [2004]; *Parker E. 67th Assoc. v Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y.*, 301 AD2d 453 [2003], *lv denied* 100 NY2d 502 [2003]). "Where a party has the means to discover the true nature of the transaction by the exercise of ordinary intel-

ligence, and fails to make use of those means, he cannot claim justifiable reliance on [the other party's] misrepresentations" (*Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]).

The motion court properly denied defendant's request for further discovery prior to determination of the motion (CPLR 3212 [f]), since defendant did not identify facts essential to justify opposition to the motion that would have been exclusively within plaintiff's knowledge and control (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 102-103 [2006], *lv denied* 8 NY3d 804 [2007]). Concur—Tom, J.P., Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30892(U).]**