Benedetto v Hyatt Corp. (2022 NY Slip Op 01732)





Benedetto v Hyatt Corp.


2022 NY Slip Op 01732


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Kennedy, Mendez, Pitt, JJ. 


Index No. 160322/14, 595457/15 Appeal No. 15506-15507 Case No. 2021-00256, 2020-00374 

[*1]Dominick Benedetto et al., Plaintiffs,
v
Hyatt Corporation et al., Defendants.
Hyatt Corporation, Sued Herein as Hyatt Corporation, Doing Business as Grand Hyatt New York, et al., Third-Party Plaintiffs-Respondents,
v
Securitas Security Services USA Inc., Third-Party Defendant-Appellant.


Marin Goodman LLP, Harrison (Russell S. Jamison of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 12, 2019, which, to the extent appealed from as limited by the briefs, granted so much of the motion of defendants/third-party plaintiffs Hyatt Corporation and Hyatt Equities, L.L.C. (together, Hyatt) as was for summary judgment on their third-party claim for breach of an insurance procurement obligation, and denied so much of the cross motion of third-party defendant Securitas Security Services USA Inc. (Securitas) as was for summary judgment dismissing that claim, unanimously affirmed, without costs. Order, same court and Justice, entered March 13, 2020, which, in effect, granted Securitas's motion for leave to renew and reargue, and upon renewal and reargument, adhered to the original determination, unanimously affirmed, without costs.
A party moving for summary judgment on its claim for failure to procure insurance meets its prima facie burden by establishing that a contract provision requiring the procurement of insurance was not complied with (see DiBuono v Abbey, LLC, 83 AD3d 650, 652 [2d Dept 2011]). The burden then shifts to the opposing party, who may raise an issue of fact by tendering the procured insurance policy in opposition to the motion (see Crespo v Triad, Inc., 294 AD2d 145, 148 [1st Dept 2002]). As with any summary judgment motion, the evidence submitted both in support of and in opposition must be tendered in admissible form (see e.g. Simmons v Berkshire Equity, LLC, 149 AD3d 1119, 1121 [2d Dept 2017]).
Securitas failed to raise an issue of fact precluding summary judgment in Hyatt's favor on their third-party claim for failure to procure insurance. The parties' agreement required Securitas to procure $3 million worth of commercial general liability insurance coverage, but both the certificate of liability insurance and the policy declarations that Securitas submitted in support of its cross motion and in opposition to Hyatt's motion only indicate $2 million worth of commercial general liability insurance coverage. While the certificate of liability insurance also indicates that Securitas procured an additional $1 million in umbrella liability coverage per occurrence — for a total of $3 million of coverage — this does not raise an issue of fact as to whether Securitas procured the $3 million of commercial general liability insurance coverage it was required to procure by the parties' agreement (see Prevost v One City Block LLC, 155 AD3d 531, 536 [1st Dept 2017]).
Securitas also failed to raise an issue of fact as to whether Hyatt waived the insurance procurement provision in the parties' agreement (see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]; White v Church of Our Lady of Sorrows, 255 AD2d 109 [1st Dept 1998]). "A waiver, by definition, is the intentional relinquishment of a known right, it must be clear, unequivocal and deliberate (see Silverman v Silverman, 304 AD2d 41, 46 [1st Dept 2003]). [*2]Hyatt's annual acceptance of the certificates of insurance from Securitas constituted "mere silence" or, at most, "mistake, negligence, or thoughtlessness," but never amounted to any intentional act "to relinquish a known right" (Matthew Adam Props., Inc. v United House of Prayer for All People of the Church on the Rock of the Apostolic Faith, 126 AD3d 599, 601 [1st Dept 2015]). Securitas's alternative argument that Hyatt was comparatively negligent does not bar summary judgment in Hyatt's favor on this claim (see generally Rodriguez v City of New York, 31 NY3d 312 [2018]).
The court properly adhered to its original determination on renewal and reargument, since the policy that Securitas submitted in support of its motion for leave to renew and reargue was also a commercial umbrella liability policy, and therefore could not satisfy its contractual obligation to procure $3 million worth of commercial general liability insurance coverage. To the extent Securitas sought to cure defects in its moving papers, raised by Hyatt in opposition, by submitting the complete policies in reply, this was new evidence submitted in reply that the court properly declined to consider (see e.g. Shultz v Cambridge Dev., L.L.C., 200 AD3d 624, 625 [1st Dept 2021]; Kuti v Sera Sec. Servs., 182 AD3d 401, 404 [1st Dept 2020]; Migdol v City of New York, 291 AD2d 201, 201 [1st Dept 2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022