RSR Corp. v Leg Q LLC (2023 NY Slip Op 01244)

RSR Corp. v Leg Q LLC

2023 NY Slip Op 01244

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 650342/19 Appeal No. 17475-17476 Case No. 2021-00358, 2021-04075 

[*1]RSR Corporation, Plaintiff, Howard Meyers, Plaintiff-Appellant,
v
Leg Q LLC, et al., Defendants-Respondents.

Brewer, Attorneys & Counselors, New York (William A. Brewer, IV of counsel), for appellant.
Friedman Kaplan Seiler Adelman & Robbins LLP, New York (Jason C. Rubinstein of counsel), for respondents.

Order, Supreme Court, New York (Nancy Bannon, J.), entered December 22, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the cause of action for tortious interference with prospective economic relationship, unanimously affirmed, with costs. Order, same court and Justice, entered on or about September 29, 2021, which, to the extent appealed from as limited by the briefs, granted defendant Leg Q LLC's motion for summary judgment dismissing the cause of action for breach of contract as against it, unanimously affirmed, with costs.
Plaintiff Howard Meyers is the founder of nonparty Eco-Bat Technologies, Ltd., an international producer of lead. Nonparty EBH Holdings II, Inc., of which Meyers is the principal, was the majority shareholder of Eco-Bat; Leg Q, which is owned and controlled by defendant Lawrence Golub through his family company, is a minority investor in Eco-Bat. Leg Q and Meyers were both signatories to an Eco-Bat shareholder agreement, which Meyers alleges that Eco-Bat breached by providing confidential information in mid-2015 to representatives of a certain EBH Holdings' creditor. According to Meyers, the disclosure of the information caused the creditor to break off negotiations for an agreement to restructure certain debt.
Meyers failed to state a cause of action for tortious interference with a prospective economic advantage. The complaint alleges that Golub's disclosure of unspecified, but allegedly confidential, information about EBH Holdings to its creditors constituted an attempt to pressure Meyers to agree to purchase Leg Q's Eco-Bat stock. However, these allegations bespeak only a justifiable economic interest, not one undertaken solely for malicious reasons (see Jones v Voskresenskaya, 125 AD3d 532, 534 [1st Dept 2015]; Lion's Prop. Dev. Group LLC v New York City Regional Ctr., LLC, 115 AD3d 488, 488-489 [1st Dept 2014]). We reject Meyers' claim that he and defendants had a confidential relationship or that defendants' conduct was otherwise unlawful, as the concept of a confidential relationship applies where a fiduciary duty exists or where one party is a dependent. No such situation applies here, as the parties were sophisticated business people (see Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578 [2d Dept 2008]).
Furthermore, the complaint fails to sufficiently plead that Golub's purported disclosure caused Meyer to suffer damages. The complaint does not state that Meyers, as opposed to EBH Holdings or Eco-Bat, was damaged as a result of the alleged disclosure, alleging only vaguely that Meyers' "prospective and existing business relationships were disrupted." Meyers also does not plead how disclosure of indeterminate information to unnamed individuals representing unspecified creditors caused this alleged disruption (see Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002]; Pacheco v United Med. Assocs., P.C., 305 AD2d 711, 713 [1st Dept 2003]).
As to Leg Q's motion for summary judgment, Leg Q established its entitlement to dismissal of Meyers' breach of contract cause of action by submitting a sworn declaration that Meyers filed in related Nevada litigation. In that declaration, Meyers averred that EBH Holdings' creditors did not enter the restructuring negotiations in good faith; rather, he stated, the negotiations were a ruse to obtain confidential information from him, which he provided in late 2015 through 2016, so that the creditors could gain control of Eco-Bat. With this submission, Leg Q made a prima facie showing that any discussions it had with the creditors in mid-2015 were not the cause of the breakdown in negotiations over a year later. Meyers failed to rebut that showing, submitting only an attorney affirmation in opposition.
Although Meyers argued that Leg Q's motion was premature, he did not point to any specific discovery within Leg Q's exclusive control that would yield material and relevant evidence (see CPLR 3212[f]; Miller v Icon Group LLC, 77 AD3d 586, 588 [1st Dept 2010]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). We note that Meyers completed substantial discovery in the Nevada litigation, including depositions of creditors' representatives and document production from Golub concerning his interactions with those creditors, but he points to no evidence that would create an issue of fact regarding the alleged breach of the shareholders' agreement. To be sure, the evidence from that litigation is under seal; nonetheless, Meyers has made no application, either in Nevada or New York, to unseal any portion of the record even though the sealing agreement provided a procedure to do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023