FGP 1, LLC v Pirogova (2023 NY Slip Op 03435)

FGP 1, LLC v Pirogova

2023 NY Slip Op 03435

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 650479/16 Appeal No. 551-552 Case No. 2021-03924, 2021-03925 

[*1]FGP 1, LLC, et al., Plaintiffs-Respondents,
v
Natalia Pirogova et al., Defendants-Appellants, Luiza Dubrovsky, et al., Defendants. 

Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for Natalia Pirogova, appellant.
Foley Hoag LLP, New York (Benjamin H. Weissman of counsel), for M Investment Capital, LLC and Mark Shvartsburd, appellants.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 27, 2021, bringing up for review an order, same court and Justice, entered on or about September 3, 2021, insofar as it granted plaintiffs' motion for summary judgment on the first cause of action for a declaratory judgment, and denied defendant Natalia Pirogova's cross-motion to dismiss that cause of action, and adjudging and declaring that the FGP 1, LLC assignment agreement is a valid and enforceable agreement; pursuant to that agreement, plaintiff FGP 1, LLC (FGP) owns a 49% interest in 172 Madison NP Holding, LLC (172 Holding); the M Investment Capital, LLC (MIC) assignment agreement is null and void to the extent it purported to transfer the same interest that was transferred to FGP pursuant to the FGP assignment agreement; and the termination notice through which defendant Luiza Dubrovsky purported to terminate the FGP assignment agreement is null and void, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This lawsuit was commenced after defendant Luiza Dubrovsky, as purported agent for defendant Natalia Pirogova, sold an interest in 172 Holding, which had an indirect interest in real estate, to two separate parties: first, to FGP; and then, to defendant M Investment Capital, LLC (MIC).
The court correctly found that there were no material issues of fact concerning plaintiffs' interest in 172 Holding because the documents and other evidence submitted by plaintiffs made out this claim; and defendants failed to present evidence sufficient to raise a triable issue of fact concerning plaintiffs' ownership interest in that entity. Dubrovsky's statements that she was an agent of a disclosed principal at the time she signed the FGP assignment agreement and the release at the instruction of Pirogova, her principal, does not affect the validity of those documents. Whether or not full consideration was paid by plaintiffs for the transfer of the interest in 172 Holding is irrelevant for the purpose of plaintiffs' motion because title was transferred at the time the FGP assignment agreement was signed, and Dubrovsky later executed a release confirming that all terms of the FGP 1, LLC assignment agreement had been fulfilled and that she had no claims against plaintiff. Dubrovsky's conclusory assertion that the release was signed by her under duress and threat is unavailing.
Defendants failed to show that plaintiffs' motion was premature pursuant to CPLR 3213(f) since they did not demonstrate that they needed proof that was within the exclusive knowledge of plaintiffs, that their claims in opposition were supported by something more than mere hope or conjecture, and that they made an attempt to discover facts at variance with plaintiffs' proof (see RSR Corp. v Leg Q LLC, 214 AD3d 463, 465 [1st Dept 2023]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin [*2]LLP, 44 AD3d 557 [1st Dept 2007]). Extrinsic or parol evidence concerning what the parties intended in the FGP assignment agreement and release is inadmissible to create an ambiguity, as the agreements are clear and unambiguous (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 38 NY3d 169, 178 [2022]).
The court correctly denied Pirogova's cross-motion because the breach of contract cause of action was asserted against Dubrovsky only, while the declaratory judgment claim was asserted against all defendants. Thus, the breach of contract cause of action would not provide plaintiffs with full and complete relief (see Florence Capital Advisors, LLC v Thompson Flanagan & Co., LLC, 214 AD3d 498, 501 [1st Dept 2013]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023