Cain v 42 W. 65th LLC (2024 NY Slip Op 04899)

Cain v 42 W. 65th LLC

2024 NY Slip Op 04899

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 155713/22 Appeal No. 2743 Case No. 2023-03390 

[*1]Sean Cain, Plaintiff-Respondent,
v
42 West 65th LLC, Defendant-Appellant.

Rose & Rose, New York (Paul Coppe of counsel), for appellant.
The Price Law Firm, LLC, New York (Heather Ticotin of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered May 30, 2023, which denied defendant landlord's motion for summary judgment dismissing plaintiff tenant's complaint and for summary judgment on its counterclaims, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings consistent with this decision. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges a fraudulent removal of the subject unit from rent regulation in 2009, and a related rent overcharge in his lease covering 2021-2022. In support of its motion for summary judgment dismissing plaintiff's complaint, defendant submitted documentary evidence (work invoices and checks) of individual apartment improvements (IAIs) made to the unit in 2007-2008.
In opposition, plaintiff argued that an issue of fact requiring discovery exists concerning whether the deregulation was fraudulent because it was based on false claims and false evidence of IAIs. Plaintiff cited his affidavit that "[he] did not believe that defendant performed sufficient renovations to have deregulated the subject unit," and "that the subject unit does not give the appearance of having been renovated to such a degree that the subject unit could have been deregulated." He further argued that the invoices and checks are facially inadequate to resolve all factual issues concerning the amount spent on the renovation. In that regard, he argues that the invoices contain hand-written notes as to the work that was designated for the unit and the evidence does not otherwise prove that the payments were for renovation work on the unit.
Defendant made a prima facie showing of a nonfraudulent and valid deregulation of the subject unit. Plaintiff fails to raise any factual issues as to the IAI evidence that would warrant discovery into whether the IAIs were legitimate proof of a valid deregulation. Rather, the record here entitles defendant to summary judgment dismissing the complaint (see Gourin v 72A Realty Assoc., L.P., 226 AD3d 475, 476 [1st Dept 2024]). The mere possibility that discovery might result in evidence that undermines the documentary evidence here showing a valid deregulation is not sufficient to warrant denial of defendant's motion (see RSR Corp. v Leg Q LLC, 214 AD3d 463, 465 [1st Dept 2023], lv denied 40 NY3d 902 [2023]; Breen v 330 E. 50th Partners, L.P., 154 AD3d 583, 584 [1st Dept 2017]).
Because the record establishes that the deregulation of the unit was not fraudulent or improper, defendant is entitled to summary judgment on the
counterclaims for a judgment of possession, a writ of assistance, and a hearing on arrears and related legal fees. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024