Bapaz NYC W. 46 St Group LLC v Assa (2024 NY Slip Op 05182)

Bapaz NYC W. 46 St Group LLC v Assa

2024 NY Slip Op 05182

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 652456/18 Appeal No. 2866-2867 Case No. 2024-02623, 2024-03151 

[*1]Bapaz NYC West 46 St Group LLC, Plaintiff-Respondent,
v
Salim Assa et al., Defendants-Appellants, Abraham lavi, Defendant.

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellants.
Castro Law Group PLLC, New York (Claude Castro of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered May 9, 2024 in plaintiff's favor and against defendants in the amount $1,700,000 plus interest for a total amount of $2,984,758.45, unanimously modified, to vacate so much of the judgment as pertains to the award of $700,000 (plus interest) for breach of the Remaining Agreement, and direct a trial on the corporate defendants' liability thereon, and to grant defendant Salim Assa summary judgment to the extent of any liability in connection with the alleged breach of the Remaining Agreement, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 12, 2024, which, inter alia, denied defendants' motion for summary judgment dismissing plaintiff's claims and granted plaintiff's cross-motion for summary judgment on those claims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
A document submitted for the first time at the argument on summary judgment should ordinarily not be considered (see e.g. Benedetto v Hyatt Corp., 203 AD3d 505, 506-507 [1st Dept 2022]). However, the court was justified in considering the document because e-mails attached as exhibits to plaintiff's cross-motion related to ongoing settlement negotiations that resulted in the Lavi settlement agreement, and the agreement had been in defendants' possession. Moreover, defendants had made false statements in affidavits and court filings concerning the facts set forth in the document. Additionally, because the court relied only on facts from the document, which was a settlement agreement in another action involving these defendants and the same company and property, the document was not precluded by CPLR 4547 (see Central Petroleum Corp. v Kyriakoudes, 121 AD2d 165, 165 [1st Dept 1986], lv denied 68 NY2d 807 [1986]).
The court properly found that defendants had breached the warranty in the parties Purchase and Sale Agreement for 49% of the company. Moreover, given the documentary proof of payment in the form of a check from plaintiff's attorney's escrow account to defendants, in the full amount of the purchase price, there was no issue of fact as to whether plaintiff had paid the funds. Whether the money originally came from plaintiff LLC or from its principal or affiliate is of no moment, and this is not a case of an entity attempting to pierce its own corporate veil (compare Matter of Colin v Altman, 39 AD2d 200, 201 [1st Dept 1972]).
However, plaintiff failed to establish that it paid $700,000 to defendants under the parties' Remaining Agreement, as there was no direct proof of payment. The schedule prepared by defendants did not definitively attribute payments to a party or transaction. Furthermore, given that there was no written indication of plaintiff having decided to exercise its option under the Remaining Agreement, other than the disputed payments and a single post-hoc email, neither side is entitled to summary judgment [*2]on those claims.
While a purchaser cannot rely on a warranty it knows to be false at the time of execution (see Siemens Solar Indus. v Atlantic Richfield Co., 251 AD2d 82, 82 [1st Dept 1998], lv denied 92 NY2d 814 [1998]), here, defendants never revealed the true nature of the breach to plaintiff or its agents. Defendants falsely stated there was no dispute with a prior investor in the company and property, when in fact there was an ongoing dispute that led to litigation by that investor, and a settlement that directly contravened the warranties in plaintiff's agreement.
Defendants are also incorrect that the failure of defendant NYC 46th Street LLC to consent to the return of the purchase price barred that claim. NYC stipulated that it held its interest only indirectly through plaintiff.
Defendant Assa was entitled to summary judgment for any claims arising from the alleged breach of the Remaining Agreement. The Joinder of Guaranty he provided contained a sole remedy clause. That clause limited plaintiff to return of the purchase price for the "Transaction." This term was defined in the Purchase and Sale Agreement as the purchase of the 49% interest. The Remaining Agreement, in contrast, concerned the purchase of the remaining 51% (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 118 [2012]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024