Bapaz NYC W. 46 St Group LLC v ASSA Props. Inc. (2025 NY Slip Op 03240)

Bapaz NYC W. 46 St Group LLC v ASSA Props. Inc.

2025 NY Slip Op 03240

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 652456/18|Appeal No. 2866-2867|Case No. 2024-02623, 2024-03151|

[*1]Bapaz NYC West 46 St Group LLC, Plaintiff-Respondent,
v
ASSA Properties Inc., et al., Defendants, Salim Assa, et al., Defendants-Appellants.

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellants.
Castro Law Group, PLLC, New York (Claude Castro of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered May 9, 2024 in plaintiff's favor and against defendants in the amount $1,700,000 plus interest for a total amount of $2,984,758.45, unanimously modified, on the law, to vacate so much of the judgment as pertains to the award of $700,000 (plus interest) for breach of the Remaining Agreement, to direct a trial on the corporate defendants' liability thereon, and to grant defendant Salim Assa summary judgment to the extent of any liability in connection with the alleged breach of the Remaining Agreement, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 12, 2024, which, inter alia, denied defendants' motion for summary judgment dismissing plaintiff's claims and granted plaintiff's cross-motion for summary judgment on those claims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
A document submitted for the first time at the argument on summary judgment should ordinarily not be considered (see e.g. Benedetto v Hyatt Corp., 203 AD3d 505, 506-507 [1st Dept 2022]). However, the court was justified in considering the document because e-mails attached as exhibits to plaintiff's cross-motion related to ongoing settlement negotiations that resulted in the Lavi settlement agreement, and the agreement had been in defendants' possession. Moreover, defendants had made false statements in affidavits and court filings concerning the facts set forth in the document. Additionally, because the court relied only on facts from the document, which was a settlement agreement in another action involving these defendants and the same company and property, the document was not precluded by CPLR 4547 (see Central Petroleum Corp. v Kyriakoudes, 121 AD2d 165, 165 [1st Dept 1986], lv denied 68 NY2d 807 [1986]).
The court properly found that defendants had breached the warranty in the parties' Purchase and Sale Agreement for 49% of the company. Moreover, given the documentary proof of payment in the form of a check from plaintiff's attorney's escrow account to defendants, in the full amount of the purchase price, there was no issue of fact as to whether plaintiff had paid the funds. Whether the money originally came from plaintiff LLC or from its principal or affiliate is of no moment, and this is not a case of an entity attempting to pierce its own corporate veil (compare Matter of Colin v Altman, 39 AD2d 200, 201 [1st Dept 1972]).
However, plaintiff failed to establish that it paid $700,000 to defendants under the parties' Remaining Agreement, as there was no direct proof of payment. The schedule prepared by defendants did not definitively attribute payments to a party or transaction. Furthermore, given that there was no written indication of plaintiff having decided to exercise its option under the Remaining Agreement, other than the disputed payments and a single post-hoc email, neither side is entitled to summary [*2]judgment on those claims.
While a purchaser cannot rely on a warranty it knows to be false at the time of execution (see Siemens Solar Indus. v Atlantic Richfield Co., 251 AD2d 82, 82 [1st Dept 1998], lv denied 92 NY2d 814 [1998]), here, defendants never revealed the true nature of the breach to plaintiff or its agents. Defendants falsely stated there was no dispute with a prior investor in the company and property, when in fact there was an ongoing dispute that led to litigation by that investor, and a settlement that directly contravened the warranties in plaintiff's agreement.
Defendants are also incorrect that the failure of defendant NYC 46th Street LLC to consent to the return of the purchase price barred that claim. As plaintiff does not seek rescission, the motion court did not grant rescission, and the judgment appealed from is for money damages, NYC 46th Street LLC's consent is not necessary.
Defendant Assa was entitled to summary judgment for any claims arising from the alleged breach of the Remaining Agreement. The Joinder of Guaranty he provided contained a sole remedy clause. That clause limited plaintiff to return of the purchase price for the "Transaction." This term was defined in the Purchase and Sale Agreement as the purchase of the 49% interest. The Remaining Agreement, in contrast, concerned the purchase of the remaining 51% (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 118 [2012]).
We have considered the remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on October 22, 2024 is hereby recalled and vacated (see M-2025-00327 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025