Will B. Sandler Disclaimer Trust v Swersky (2025 NY Slip Op 05909)

Will B. Sandler Disclaimer Trust v Swersky

2025 NY Slip Op 05909

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 651015/23|Appeal No. 5012|Case No. 2024-01151|

[*1]Will B. Sandler Disclaimer Trust etc., et al., Plaintiffs-Respondents,
v
David M Swersky et al., Defendants-Appellants.

Allegaert Berger & Vogel LLP, New York (Michael S. Vogel of counsel), for appellants.
Reitler, Kailas & Rosenblatt, LLC, New York (Leo G. Kailas of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 29, 2024, which granted the motion of plaintiffs Will B. Sandler Disclaimer Trust and Muriel Sandler to dismiss defendants' counterclaims pursuant to CPLR 3211, unanimously affirmed, with costs.
Nonparty Will B. Sandler was an attorney who entered into a number of business ventures with defendant David M. Swersky over the course of approximately 30 years. In addition to being a co-investor in the ventures, Sandler typically acted as counsel, negotiating and drafting the deal documents. Swersky typically acted as the sole manager and controlling partner of the joint venture. Sandler and Swersky formed defendant S&S 34 Investors LLC as a vehicle through which they would invest in Manhattan real estate. According to the complaint, Sandler received an 8.518% interest in S&S. In 2014, Swersky and Sandler invested in an entity that held an interest in real property located at 460 West 34th Street (2014 transaction).
Sandler died in 2015 and, upon his death, his wife, plaintiff Muriel Sandler, rejected the bequest of Sandler's interest in S&S, which then passed to plaintiff Will B. Sandler Disclaimer Trust. Muriel is the sole beneficiary of the Trust and she and her two children are its Trustees.
Plaintiffs commenced this action alleging that defendants improperly withheld from plaintiffs $3.5 million in proceeds from Sandler's interest in S&S and actively concealed this from plaintiffs. Defendants asserted a counterclaim for rescission against plaintiffs, alleging that the 2014 transaction was the product of Sandler's breach of the New York Rules of Professional Conduct or, alternatively, a breach of Sandler's fiduciary duty as Swersky's attorney. Defendants also asserted a counterclaim for legal malpractice against plaintiffs, alleging that Sandler committed legal malpractice through his various errors and intentional acts surrounding the 2014 transaction.
Supreme Court properly granted plaintiffs' motion to dismiss the counterclaims for failure to state a cause of action as against plaintiffs because plaintiffs are not the proper parties to the counterclaims. Despite being labelled as a claim for rescission, the first counterclaim asserts a claim against plaintiffs for Sandler's alleged breach of his ethical and fiduciary duty to defendants. This counterclaim is based only on the alleged conduct of Sandler and not on the conduct of plaintiffs. Accordingly, there is no basis to assert the counterclaim against plaintiffs, who did not owe an ethical or fiduciary duty to defendants.
Moreover, rescission is an equitable remedy and a claim for rescission may only be asserted against a person who is a party to the contract (see McGarry v Miller , 158 AD2d 327, 328 [1st Dept 1990] [dismissing rescission cause of action against nonparty to the contract]; Steinberg v Sherman , 2008 WL 2156726, at *7 [SD NY, May 8, 2008, No. 07cv1001 (WHP)]). Here, plaintiffs were not parties to the 2014 transaction.
Similarly, defendants' second counterclaim, based on Sandler's alleged legal malpractice, fails because it was brought against plaintiffs, neither of whom represented defendants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025